RICHARD GODFREY, Plaintiff, *v.* BROOKLYN EDISON COMPANY, Defendant.

(Supreme Court, Kings Special Term for Motions, March, 1921.)

Workmen's Compensation Law, § 29 — when awarding compensation is decisive and binding — election.

Pleading — when motion for judgment sustaining a demurrer to separate defense granted — negligence — award.

Under section 29 of the Workmen's Compensation Law, as amended in 1917, it is not the election to claim compensation thereunder but the actual awarding of it, which is decisive and binding.

Where in an employee's action for personal injuries alleged to have been caused by the negligence of the defendant the answer pleads as a separate defense that plaintiff made a claim for and accepted compensation from his employer, but there is no allegation that any award was ever made to plaintiff under the statute, a motion for judgment sustaining a demurrer to the separate defense will be granted.

MOTION by plaintiff for judgment sustaining a demurrer to separate defense.

Belfer & Belfer, for plaintiff.

Ingraham, Sheehan & Moran, for defendant.

KELBY, J. This action is brought to recover for personal injuries alleged to have been caused by the negligence of the defendant. The defense, which is demurred to, alleges that plaintiff, at the time of the injury, was employed by the Audley Clarke Company and made a claim, under the Workmen's Compensation Law, for compensation, and accepted compensation from the Audley Clarke Company, and, therefore, is not the real party in interest, these facts being pleaded in bar of recovery. The direct attack on the defense is that it does not allege that there ever was any award made under the Compensation Law, and it is contended, by the plaintiff, that until there has been an award, he is free to forego compensation under the law and pursue his right to recovery of ordinary damages from the direct tort-feasors. What is involved is the interpretation of section 29 of the law, as amended in 1917. This reads as follows: " If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or any *award* under this chapter, elect

whether to take compensation under this chapter or to pursue his remedy against such other. Such elections shall be evidenced in such manner as the commission may by rule or regulation prescribe. If such injured employee, or in case of death, his dependents, elect to take compensation under this chapter, *the awarding of compensation shall operate as an assignment of the cause of action against such other* to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, etc.''

The words which have been italicized mark the changes in the law, made by the amendment. The prior law contained the word '' claim '' in place of the word ''award,'' and in place of the words beginning '' the awarding of compensation,'' etc., contained the words '' the cause of· action against such other shall be assigned.''

It appears from the cases which arose under the law before the amendment that it was the practice of the commission to have the claimant include in his notice of claim a formal printed assignment of the claim against the tort-feasor. This evidenced and effectuated the subrogation of the state insurance fund to the right to recover the damages. The old law contained nothing to indicate that the divesting of title to that right of action was intended to be postponed, until payment of the award, but on the contrary the express import was that it should take effect on the election to take compensation under the law. The forms prescribed by the commission containing a formal assignment, and the language of the assignment itself all evidence the same intent. *Sabatino* v. *Crimmins Construction Co.,* 102 Misc. Rep. 172. It was also

said in that case that the amendment of 1917 had the purpose to dispense with the formal instrument of assignment, and that "it evidently postponed rather than advanced the time of the transfer of title." This is the only intent apparent in the amendment and it is the clear intent. It postpones the divesting of the title, to the cause of action against the tort feasor, until the actual award of compensation. That is now the operative and effective thing, where formerly it was the election, followed by the assignment as a procedural requirement, which had that effect. It has been pointed out that "The reason for the (old) statutory declaration as to election is founded upon the common-law rule that there should not be a double satisfaction for the same injury." *Miller* v. *New York Railways Co.*, 171 App. Div. 316, 319. The reason for the amendment rests upon an even closer analogy to the common law. It adopts the rule "Where a party has two or more remedies for the same wrong, in which the measure of damages might be different, electing one and *pursuing* it to judgment is a bar to any other remedy." *Miller Case, supra,* 319. It is not now the *election* to claim compensation under the law, but the actual *awarding* of it which is decisive and binding. Compensation paid before the award is to be regarded as "advance payments" under section 20-a of the law. The motion for judgment is granted.

Motion granted.