MARTIN LEVEY, Respondent, *v.* JOHN BARTON PAYNE, Director
General of Railroads, as Agent under Section 206 of the
Transportation Act,* Appellant, Impleaded with NEW YORK,
ONTARIO AND WESTERN RAILWAY COMPANY, Defendant.

First Department, May 27, 1921.

**Railroads — action for injuries received at crossing — complaint
insufficient that does not allege result of negligence or nature
of injury.**

Complaint in an action to recover for injuries received by the plaintiff at
or near a railroad crossing does not contain a plain and concise statement
of facts sufficient to constitute a cause of action, where it does not allege
what happened as the result of the alleged negligence of the defendant,
as set forth in the complaint, nor how or in what manner the plaintiff
was injured; mere allegations of negligence and that by reason of such
negligence the plaintiff was injured are insufficient.

APPEAL by the defendant, John Barton Payne, from that
part of an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 28th day of March, 1921, which denies
defendant's motion for judgment on the pleadings on the
ground that the complaint did not state a cause of action.

*Elbert N. Oakes* of counsel [*Watts, Oakes & Bright*, attorneys],
for the appellant.

*Leonard F. Fish* of counsel [*Jacob M. Friedman*, attorney],
for the respondent.

MERRELL, J.:

The action is to recover for personal injuries claimed to
have been sustained by the plaintiff on or about July 29, 1919,
at or near the Strongtown crossing, so called, in the town
of Liberty, Sullivan county, N. Y., solely through the negligence
and carelessness of the defendants, their agents and servants,
in the management and control of their cars, trains and
locomotives upon the defendant railroad. The action was
originally brought against Walker D. Hines, Director General

---

* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 11, 1920, and
May 14, 1920; 41 U. S. Stat. at Large, 1789; Id. 1794.— [REP.

of the New York, Ontario and Western Railway Company, and the New York, Ontario and Western Railway Company. The complaint was dismissed against said railroad company on the ground that the defendant Director General was in control thereof, and the said Director General is the sole appellant herein.

It is the contention of the defendant, and upon which ground he insists that the Trial Term erroneously denied his motion for judgment on the pleadings, that the complaint does not state a cause of action because of failure to allege any act or omission causing the injury of which the plaintiff complains.

After the formal allegations concerning the incorporation of the defendant New York, Ontario and Western Railway Company, and that the defendant Walker D. Hines, as Director General, was in the management and supervision of said railway, together with its cars, tracks and appurtenances thereto belonging in the county of Sullivan, State of New York, and particularly in the town of Liberty, in said county, at or near a certain crossing commonly known as the Strongtown crossing, in or near the said town of Liberty, and after alleging that the defendant New York, ·Ontario and Western Railway Company maintained, operated, controlled and owned said railway, cars, tracks and appurtenances in said county of Sullivan, State of New York, and particularly at the aforesaid Strongtown crossing, with reference to the negligence of the defendant for which plaintiff seeks to recover herein, the plaintiff alleges in the 5th paragraph of his complaint as follows:

" V. That on or about the 29th day of July, 1919, the plaintiff herein was driving his automobile over and along the Liberty Highway, in the direction from Loch Sheldrake, bound for the Town of Monticello, in the County of Sullivan, State of New York, and when the plaintiff came at or near the aforesaid Strongtown Crossing, in the location as hereinbefore more particularly described, he was injured, through no fault on his part, but solely through the negligence and carelessness of the defendants, their agents and servants, in failing to properly manage and control their cars, trains and locomotives; in operating its cars, trains and locomotives at an excessive rate of speed at or near the aforesaid crossing; in

failing to give any proper bells or other sounds of the approach of said cars, trains and locomotives; in failing to have a proper person stationed at the aforesaid crossing to give notice or warning to pedestrians and others who are lawfully thereat; in violating the law of the State of New York appertaining to railroads; in failing to provide a gate at and about the aforesaid crossing; and in failing to use reasonable care, diligence and prudence in the premises."

By the 6th paragraph of the complaint the plaintiff further alleges:

" VI. That solely by reason of the 'defendant's negligence as aforesaid, plaintiff herein was severely and seriously injured, bruised and wounded, suffered, still suffers, and upon information and belief, will continue to suffer great physical and mental pain, and great bodily injuries, and became sick, sore and disabled, and so remains, and upon information and belief, is permanently injured, and is otherwise injured, and plaintiff was obliged to and necessarily did expend divers sums of money for medicines and medical treatment in an endeavor to cure himself of his said injuries, and upon information and belief, plaintiff will not be able to pursue his vocation with the same efficiency as heretofore."

Plaintiff then alleges that by reason of the aforementioned facts he has sustained injuries in the sum of $50,000, for which judgment is demanded.

I think plaintiff's complaint is fatally defective in that it nowhere states what happened as the result of the alleged negligence of the defendant, as set forth in the paragraphs of the complaint above quoted, nor does the plaintiff allege how or in what manner he was injured. While the plaintiff alleges that the defendants were negligent in operating cars, trains and locomotives on said railroad at or near the aforesaid crossing at an excessive rate of speed; in failing to give proper signals of the approach of trains, and otherwise, and that by reason of such negligence the plaintiff was injured, the complaint does not state whether such injury was received from a collision or in what manner plaintiff was injured. In short, the complaint does not contain a plain and concise statement of facts constituting plaintiff's cause of action (Code Civ. Proc. § 481), and we are left to conjecture what actually

occurred which resulted in the plaintiff's sustaining the injuries for which he seeks damages. The uncertainty of the nature of the accident, as alleged in the complaint, is increased by the allegation that plaintiff was injured as he came " at or near the aforesaid Strongtown Crossing " by the alleged negligence of the defendants " at or near the aforesaid crossing." The complaint does not state that plaintiff was run into, nor does it state that his injuries were received while crossing the defendants' track. The complaint, to have been intelligible, should have stated these particulars. (*Peterson* v. *Eighmie*, 175 App. Div. 113; *Pagnillo* v. *Mack Paving & Construction Co.*, 142 id. 491; *Taite* v. *Boorum & Pease Co.*, 37 Misc. Rep. 162.)

So much of the order as is appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings should be granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon the defendant, appellant, on payment of said costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve amended complaint on defendant, appellant, on payment of said costs.