Before STATE INDUSTRIAL BOARD, Respondent.
MARY SPENCER HILL, Respondent, *v.* MORRELL VROOMAN and Another, Appellants.

*Workmen's compensation — relationship of claimant to deceased — claimant lived with employee as wife while her own husband was living — after death of claimant's husband she continued to live with employee as wife — claimant was not common-law wife of employee.*

Appeal from an award of the State Industrial Board, made on September 25, 1924, decreeing compensation to Mary Spencer Hill during her widowhood.

Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the claimant is not the widow of the deceased employee. All concur, except McCann, J., dissenting, with an opinion in which Hinman, J., concurs.

McCANN, J. (dissenting): George A. Hill and Mary Spencer Hill lived together for a period of twenty-three years in an acknowledged relation of husband and wife. They publicly declared themselves as such, she assuming his name. In the meantime the woman had a husband, a Mr. Spencer, living; she and Hill had full knowledge of all of the facts and also of the fact that they were legally incompetent to enter into a contract of marriage, common-law or otherwise. After the death of Spencer they continued to live under the same conditions and relations and without further affirmative act or declaration or any ceremonial marriage. Did such continuation create a common-law marriage between them? There are many classes of cases which call for legal interpretation. They involve ignorance of facts; meretricious relations originally entered into illicitly but without full knowledge of legal rights on the part of one or both; relations created by misrepresentation or deceit; ignorance of the legal effect of divorce decrees, and other cases unnecessary to discuss at this time. In this case there was full knowledge of the facts and legal rights, and a declaration that they were husband and wife with full knowledge that they were not such. The main argument against a common-law marriage existing in this case is that under the circumstances recited it was necessary at the time of the death of the husband for these parties to reaffirm

or redeclare that they desired to continue their relations, but in a legal manner. Upon such death two courses were open for them to pursue: *First*, it was their privilege to have a ceremonial marriage; *second*, it was their privilege to live together legally as husband and wife in a manner that would constitute a common-law marriage. Under the latter plan it was necessary to establish the intent of the parties; to change their relations from an illegal to a legal one. Every act of this man and woman prior to the death of the husband was that of husband and wife, although the relation was illegal. What more could have been done after such death in order to perfect or establish or declare the intent and desire on the part of these parties to continue in a legal instead of an illegal relation? It is said in some cases that a legal relation cannot without further act develop from one which is born of an illicit relation. It is well established that such is not true if a new intent and declaration is shown at the time the legal barrier is removed. These parties could have done nothing except to enter into a formal ceremonial marriage. In my opinion the continuation of the relations under these conditions shows intent which relates to the time when the impediment was removed. (*Leeds* v. *Joyce*, 202 App. Div. 696, and the many cases cited. See, also, *Adger* v. *Ackerman*, 115 Fed. 124, 128; 9 Mich. Law Rev. 54; 1 Bishop Mar. Div. & Sep. § 970; *Matter of Biersack*, 96 Misc. 161.) I do not regard the cases of *Gall* v. *Gall* (114 N. Y. 109) and *Badger* v. *Badger* (88 id. 546) as holding to the contrary. . In those cases the original illicit relations were not accompanied with any of the public evidences of relationship of husband and wife. I believe that a common-law marriage existed and that the award should be affirmed. Hinman, J., concurs.