In the Matter of the Claim of MARY S. HILL against
MORRELL VROOMAN et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — husband and wife — woman who with
husband living lives with another man as his acknowledged wife for a
number of years and continues such relationship after death of husband
without further affirmative.act or declaration, not entitled to compen-
sation as widow upon his death through accident.*

*Hill* v. *Vrooman*, 215 App. Div. 847, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
February 8, 1926, reversing an award of the State Indus-
trial Board, made under the Workmen's Compensation
Law, and dismissing the claim.   George A. Hill was killed
by an accident arising out of and in the course of his
employment.   Claimant, claiming to be his common-law
widow, made claim for compensation.   It appeared that
they had lived together for a period of twenty-three
years in an acknowledged relation of husband and wife.
They publicly declared themselves as such, she assuming
his name.   In the meantime claimant had a husband
living; she and decedent had full knowledge of all the
facts and also of the fact that they were legally incom-
petent to enter into a contract of marriage, common law
or otherwise.   After the death of the husband they
continued to live under the same conditions and relations
without further affirmative act or declaration or any
ceremonial marriage.   The Appellate Division held that
claimant was not the widow of the deceased employee.

*Albert Ottinger, Attorney-General (E. C. Aiken* of coun-
sel), for appellant.

*Clarence B. Tippett* for respondents.

Order affirmed, with costs against State Industrial
Board; no opinion.

Concur: HISCOCK, Ch. J., POUND, ANDREWS and
LEHMAN, JJ.   Dissenting: CRANE, J.   Absent: CARDOZO
and MCLAUGHLIN, JJ.