LORETTA CARUTHERS, Respondent, *v.* BANKERS TRUST COMPANY, as Executor of JOHN H. FLAGLER, Deceased, Appellant.

*Limitation of actions — practice — discontinuance, on motion of plaintiff, without prejudice, of action on claim against decedent's estate — right to commence new action within year.*

*Caruthers* v. *Bankers Trust Co.,* 215 App. Div. 694, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 30, 1925, which reversed an order of Special Term granting a motion by defendant for judgment upon the grounds that the cause of action alleged in the complaint did not accrue within the time limited by law for the commencement of the action and that there was an existing final judgment or decree of a court of competent jurisdiction rendered on the merits dismissing the same cause of action between the same parties. The action was originally brought within three months after rejection of a claim against decedent's estate and upon coming on for trial a motion of discontinuance made by plaintiff was granted, it being ordered that plaintiff upon payment of costs might "start her action over again without prejudice." The following question was certified: " Did the order of discontinuance of the former action entered at Supreme Court Trial Term New York county on the 19th day of June 1924, upon motion of the plaintiff in said action over the opposition of the defendant executor, the defendant executor having thereafter accepted the costs awarded upon such discontinuance, have the effect as matter of law, pursuant to Civil Practice Act, section 23, of giving to the plaintiff the right to commence a new action upon the same cause of action within one year after the entry of said order without regard to the limitations contained in Surrogate's Court Act, section 211? "

*Ralph Royall* for appellant.

*Van Sinderen Lindsey* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: Hiscock, Ch. J., Pound, Crane, Andrews and Lehman, JJ. Not sitting: McLaughlin, J. Absent: Cardozo, J.

Earl B. Barnes, as Trustee in Bankruptcy of Thomas H. Cowley et al., Individually and as Copartners under the Firm Name of Thos. H. Cowley & Co., Appellant, *v.* William Schatzkin et al., Individually and as Copartners under the Firm Name of Schatzkin, Bernstein & Co., Respondents, Impleaded with Others.

Earl B. Barnes, as Trustee in Bankruptcy of Thomas H. Cowley et al., Individually and as Copartners under the Firm Name of Thos. H. Cowley & Co., Appellant, *v.* Lawrence J. Hirsch et al., Individually and as Copartners under the Firm Name of Morris & Smith, Respondents, Impleaded with Others.

*Bankruptcy — trustee in bankruptcy may not sue upon a claim, which had not existed in favor of the bankrupt and had not arisen in his favor but had been merely assigned to the trustee after bankruptcy.*

*Barnes v. Hirsch,* 215 App. Div. 10, affirmed.

(Argued February 24, 1926; decided March 30, 1926.)

Appeal, in each of the above-entitled actions, from a judgment entered December 11, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendants, respondents, for judgment dismissing the amended complaint and granted said motion. The complaints alleged that Cowley & Co. conducted a bucket shop; that by false and fraudulent representations they induced their customers to deal with them as legitimate stockbrokers and to buy securities on margin and deposit cash and collateral with them; that promptly after buying securities for their customers they sold them for their own account; that they converted to their own use cash and collateral of their customers;