RAYMOND DONHAUSER, Respondent, v. JOSEPH ZENNER, as Sole Trustee of Common School District No. 2 of the Town of Eden, Erie County, N. Y., Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

DENNIS J. DINEEN, Respondent, v. FLOYD COLLIS, Defendant, and MARY KELLY and THOMAS KELLY, Appellants.— Judgment reversed on the facts and a new trial granted, with costs to appellants to abide the event, on the ground that the verdict of the jury is against the weight of the evidence. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

In the Matter of the Petition of HENRY BOGARDUS, Appellant, for the Revocation of Letters of Administration Issued to PETER H. PAYNE, Respondent, on the Estate of ELIZABETH B. PAYNE, Deceased.— Decree affirmed, with costs. All concur, except Sears and Taylor, JJ., who dissent and vote for reversal on the following grounds: When the marriage between the deceased and respondent was celebrated in 1916 respondent knew or should have known that his prior wife was living, for her residence up to that time had remained at the very place where he had sent furniture to her some years previously. The marriage between deceased and respondent was, therefore, void when contracted. (*Stokes* v. *Stokes*, 198 N. Y. 301.) Under such circumstances respondent cannot be deemed to have acted in good faith. The mere continuance of the relations between respondent and deceased after the death of respondent's prior wife in 1919 is insufficient to establish a common-law marriage. (*Matter of Hill* v. *Vrooman*, 242 N. Y. 549.) Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

CLARA M. CRAMER, Respondent, v. MELANCHTHON W. PERINE and MARGARET PERINE, His Wife, Appellants.— Order entered on stipulation striking out the name of Margaret Perine, now deceased, as a party defendant. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

FLOYD HALSTEAD, Respondent, v. HOWARD BALLIETT, Appellant.— Judgment and order affirmed, with costs. The last charge of the court, made at plaintiff's request, standing alone, was erroneous, but read in connection with the whole charge and with the facts, it does not present reversible error. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

FRANK SIFKOWITZ, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

HAROLD W. LOWNIE, Respondent, v. MAE BOYD, Appellant.— Judgment of Special Term and of Buffalo City Court reversed on the law and facts and a new trial granted in the Buffalo City Court, with costs in all courts to appellant to abide event, on the ground that the finding that the defendant is liable as an undisclosed principal is without evidence to sustain it. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

OWEN J. DOODY, Appellant, v. JOHN MAHAR and Others, Respondents.— Judgments and order affirmed, without costs. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.