WILLIAM W. HODGES, Respondent, *v.* BEWLEY TRUESDALE CON-
TRACTING CO., INC., and R. S. McMANNUS STEEL CONSTRUCTION
COMPANY, INC., Appellants.

Fourth Department, January 21, 1931.

*Noel S. Symons* and *Franklin R. Brown,* for the appellant Bewley Truesdale Contracting Co., Inc.

*William M. Fay,* for the appellant R. S. McMannus Steel Construction Company, Inc.

*Dana L. Spring* and *Harold J. Tillou,* for the respondent.

TAYLOR, J. The defendant Bewley Truesdale Contracting Co., Inc. (hereinafter called the Bewley Co.), as general contractor, was building a building in the city of Lockport. The R. S. McMannus Steel Construction Company, Inc. (hereinafter called the McMannus Co.) was its subcontractor, erecting steel work. Plaintiff was an employee of the McMannus Co. The sixth floor of the building gave way causing plaintiff to fall several floors and receive physical injuries. Plaintiff sued the Bewley Co. only, alleging that his injuries were due to the " carelessness and negligence of the defendant, its agents, servants and employees." There is no claim that the McMannus Co. was a joint tort feasor with the Bewley Co.

The Bewley Co. brought in the McMannus Co. as a defendant under section 193, subdivision 2, of the Civil Practice Act (as amd. by Laws of 1923, chap. 250), without objection from plaintiff, who received notice of the application. We find no statute or rule specifically requiring notice upon applications under section 193 of the Civil Practice Act. Under the settled practice of the court notice to the plaintiff was appropriately given because the application made was one concerning which the plaintiff might desire to assert his legal rights. (Alden's Abbott's Practice and Forms [3d ed.], vol. 1, p. 97.) In our opinion, good practice requires that notice of applications under section 193 should invariably be given to all parties who have appeared in the action.

Three answers were served by both the defendant companies. The Bewley Co.'s final answer alleged that the McMannus Co. had proceeded under the Workmen's Compensation Law as to its employees, and had always secured payment of compensation

to them with an insurance company at a maximum rate of twenty-five dollars per week; and that these payments were accepted and retained by the plaintiff, and have not been returned by him, and that this was the maximum amount of compensation to which he was entitled; that the final payment was made before the commencement of this action, and that all this constituted an election by plaintiff to take compensation within the meaning of section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) and operated as an assignment of any cause of action he might have against the Bewley Company to the insurance company; and that plaintiff is not the proper party plaintiff. No award having been made, this contention has no merit as said section 29 now reads. (*Sifkowitz* v. *International R. Co.*, 223 App. Div. 815; affd., 249 N. Y. 565; *Godfrey* v. *Brooklyn Edison Co.*, 115 Misc. 21; affd., 196 App. Div. 980.) The Bewley Co.'s answer then alleged that plaintiff's injuries were caused by the negligence of the R. S. McMannus Steel Construction Co., Inc., and asks that the complaint against the Bewley Co. be dismissed, or that if a judgment is obtained against the Bewley Co., the Bewley Co. shall have judgment for a like amount against the McMannus Co.

The McMannus Co.'s last answer also alleges in full as to its having complied with the Workmen's Compensation Law, as did the Bewley Co. in its answer, and that, therefore, the McMannus Co. is not obligated to pay plaintiff anything more than is coming to him under the Workmen's Compensation Law. So the McManns Co. asks that the affirmative claim against it be dismissed.

Three motions were made after this in the action, which we will number (1), (2) and (3) as hereinafter referred to. A motion was made by the plaintiff to strike out the alleged Workmen's Compensation Law defense in all answers and this motion was granted. From this order the Bewley Co. appealed. Later a motion of the McMannus Co. to strike out the affirmative claim which the Bewley Co. set up in its last amended answer against the McMannus Co., and for judgment against the Bewley Co. on the pleadings, was denied. The McMannus Co. appealed. Later plaintiff moved at Special Term for motions (1) that all allegations in the answers with reference to the Workmen's Compensation Law be stricken out; (2) that the answer of the Bewley Co., in so far as it claimed affirmatively against the McMannus Co., be stricken out; (3) that the McMannus Co. be stricken out as a party defendant, and (4) that the issues be severed. The court denied this motion in the first three particulars and granted it in the last. Both defendants appealed from this order. Plaintiff

has not appealed, but urges that subdivision 4 of section 193 of the Civil Practice Act has been lost sight of, with the result that plaintiff has been seriously interfered with in prosecuting his action. There is merit in this contention. Two years have already elapsed since the action was commenced.

If the Bewley Co.'s second amended answer contained allegations under which proof might be made that the relationship between the Bewley Co. and the McMannus Co. and/or the operations of the two companies in the building in question were such that from them a conclusion of law might fairly be drawn that the McMannus Co. is liable over as indemnitor to the Bewley Co., reason would exist for the McMannus Co. being a defendant in the case. Otherwise contra, since the two companies cannot be adjudicated joint tort feasors with a possible right to contribution later under section 211-a of the Civil Practice Act (as added by Laws of 1928, chap. 714), and no liability of the McMannus Co. to plaintiff is asserted. (*Hejza* v. *New York Central R. R. Co.*, 230 App. Div. 624.) In other words, the last answer of the Bewley Co.— to be of sufficient affirmative value against the McMannus Co.— must indicate negligence in the McMannus Co. in details concerning which the Bewley Co. was under a non-delegable duty to the plaintiff, and that such negligence will give the Bewley Co. a right to indemnification from the McMannus Co. The only allegations in the last answer of the Bewley Co. which can be said to point at all to a right to indemnification are those in paragraphs 13, 14 and 15. They are to no greater effect than that the McMannus Co. made a contract to perform certain work for the Bewley Co. on the building in question and that the injuries claimed to have been sustained by plaintiff resulted from negligent performance by the McMannus Co. of this work, concluding as follows: " Upon information and belief, that by reason of the said negligent performance and neglect and failure of the said R. S. McMannus Steel Construction Company, Inc., it is obligated to indemnify and save harmless this answering defendant [the Bewley Co.] from any claims of said plaintiff for said alleged injuries."

Taken all together, these allegations do not comprise a plain and concise statement of material facts (Civ. Prac. Act, § 241) upon which any liability over in the McMannus Co. to the Bewley Co. can be predicated. (*Levey* v. *Payne*, 197 App. Div. 581; *Pagnillo* v. *Mack Paving & Construction Co.*, 142 id. 491; *Peterson* v. *Eighmie*, 175 id. 113, 115, 116.) Granting the appropriateness of the quoted paragraph as a conclusionary pleading, no facts of the character which we have suggested are alleged which make the conclusion applicable.

Order No. (1) should be affirmed, with ten dollars costs and disbursements. Order No. (2) should be reversed, with ten dollars costs and disbursements, and the motion for judgment dismissing the second amended answer of the Bewley Co., in so far as it alleges an affirmative claim against the defendant McMannus Co., should be granted, with ten dollars costs. Leave is granted the Bewley Co. to plead over against the McMannus Co.— if it be so advised — within ten days after service of the order of this court and upon payment of costs. Order No. (3) should be reversed as to paragraphs (1) and (2) — in view of our determination as to orders Nos. (1) and (2) — and affirmed as to paragraphs (3) and (4), with ten dollars costs and disbursements to plaintiff, respondent. Our affirmance of this order as to its paragraph (4) is on the ground that unreasonable delay has already been caused plaintiff. (Civ. Prac. Act, § 193, subd. 4.) For this reason the order of severance should be applicable even if the Bewley Co. should serve a new answer alleging a good cause of action against the McMannus Co. in the behalf hereinbefore stated.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

No. 1: Order affirmed, with ten dollars costs and disbursements.

No. 2: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to Bewley Truesdale Contracting Company, Incorporated, to answer over within ten days as to its cause of action against R. S. McMannus Steel Construction Company, Incorporated, upon payment of the costs of the motion and of this appeal.

No. 3: Order reversed in part and affirmed in part, with ten dollars costs and disbursements to the respondent.