LOUIS F. SCHULTZE, as Receiver of S. W. STRAUS & Co., INCORPORATED, a New York Corporation, Respondent, *v.* THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, and Another, Defendants, Impleaded with THE THREADNEEDLE INSURANCE COMPANY (1923), LTD., Appellant.

LOUIS F. SCHULTZE, as Receiver of S. W. STRAUS & Co., INCORPORATED, a New York Corporation, Respondent, *v.* THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Defendant, Impleaded with THE THREADNEEDLE INSURANCE COMPANY (1923), LTD., and Another, Appellants.

First Department, November 3, 1933.

*Harold Davis* of counsel [*Plaut & Davis,* attorneys], for the appellants.

*Irving Barry* of counsel [*Abraham J. Halprin* with him on the brief; *Nathaniel L. Goldstein,* attorney], for the respondent.

UNTERMYER, J. These are appeals by the impleaded defendants from an order granting leave to the plaintiff to join them as parties defendant and for that purpose to serve a supplemental summons and complaint. The defendant Threadneedle Insurance Company (1923), Ltd., also appeals from an order denying its motion to vacate the alleged service upon it of the supplemental summons and complaint on the ground that Joseph L. Racionzer, the person upon whom process was served, is neither an officer, director nor other agent of the Threadneedle Company.

The action was first brought against the Ocean Accident and Guarantee Corporation, Limited, to recover upon a bond issued by that company to S. W. Straus Co., Incorporated, for loss incurred by the defalcation of an employee. The receiver then applied to join the defendant Threadneedle Company upon the ground that it also had executed a bond upon this employee and to join the Eagle Star and British Dominions Insurance Company, Ltd., because it had guaranteed the obligations of the Threadneedle Company.

The Threadneedle Company opposed the motion to be joined as a defendant, contending that service of the notice of motion upon Racionzer was insufficient. The Eagle Star Company opposed the motion, claiming that it was not liable upon its guaranty until after a judgment had been obtained and returned unsatisfied against the Threadneedle Company. These facts, urged by both defendants, were insufficient to defeat the motion whether we regard it as made under section 192 or section 193 of the Civil Practice Act. In either event no notice of motion to any party intended to be impleaded was necessary. Neither section provides for notice in such cases, nor should a plaintiff be required to give notice to the party whom he intends to join as a defendant in an action then pending with others. (*Hodges* v. *Bewley Truesdale Contracting Co., Inc.*, 231 App. Div. 495; *Cinema Corporation of America* v. *Bercovici*, 233 id. 88.) To require this would frequently make impossible the service of process thereafter. As to the facts asserted by the defendant Eagle Star Company, it is sufficient to say that they were manifestly insufficient to defeat the motion and that, upon the affidavits submitted, its liability to the plaintiff was a question for determination at the trial.

The Threadneedle Company's motion to vacate the service of the supplemental summons and complaint should, however, have been granted. Not only was the supplemental summons and complaint not served personally on Racionzer, but the company's agreement to designate Racionzer for the purpose of accepting service of process was conditioned on the plaintiff's forbearance of action against the Threadneedle Company until after the final determination of the litigation against the Ocean Accident and Guarantee Corporation. Until then the defendant Threadneedle Company was under no duty to designate Racionzer as its agent to accept service of the summons and complaint, nor had that company in fact so designated him.

The order granting the plaintiff leave to issue a supplemental summons and complaint should be affirmed, with twenty dollars costs and disbursements; the order denying the motion of the defendant The Threadneedle Insurance Company (1923), Ltd., to set aside the service of the supplemental summons and complaint should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

In the first action: Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.

In the second action: Order affirmed, with twenty dollars costs and disbursements.