In the Matter of the Estate of KATHERINE I. REYNOLDS, Deceased.

Surrogate's Court, New York County, November 5, 1938.

*Monroe & Byrne* [*John D. Monroe* and *Alan Waterman* of counsel], for the petitioner.

*Francis M. Verrilli* and *Samuel Saline*, for the respondents.

FOLEY, S. The petitioner, who is the sole legatee and the executrix named in the will, applies in this proceeding for a determination as to whether Eralso E. Walton is the surviving husband of the decedent. The will was executed on September 5, 1922. The decedent and Walton entered into a ceremonial marriage on July 12, 1926. If the marriage was valid, the terms of the will were revoked as to the husband by operation of the terms of section 35 of the Decedent Estate Law.

It is contended by the petitioner, the sister of the decedent, that Walton had been previously married to one Alice G. Walton by a common-law marriage and thereby his marriage to the decedent was bigamous and void. It is asserted that the former relationship covered a period of over twenty years. No children were born of either union. Alternative relief was asked, in the event of a determination by the surrogate upholding the validity of the marriage

to the decedent, that Walton forfeited his rights to participate in the estate by his abandonment of the decedent and by his neglect or refusal to provide for her for several years prior to her death. (Dec. Est. Law, § 87.)

Extensive testimony was taken on the issue as to whether the alleged prior common-law marriage was actually entered into between the parties. Certain witnesses for the petitioner testified to cohabitation as husband and wife and that the woman whom it is claimed he married was known as " Mrs. Walton." Other testimony was given as to their reputation as a married couple in the circle of social and business acquaintances in which they moved. On the other hand, various witnesses for the respondent testified to a contrary association and reputation that each was single in the circles of persons who knew them.

The tests to be applied by the trier of the facts as to the sufficiency of proof in this class of cases were restated by the Court of Appeals in *Boyd* v. *Boyd* (252 N. Y. 422). When subjected to these criteria, the weight of evidence points strongly to the conclusion that the parties never validly entered into a common-law marriage. (*Matter of Heitman*, 154 Misc. 838; affd., 247 App. Div. 855; affd., 272 N. Y. 533; *Cheney* v. *Arnold*, 15 id. 345; *Hill* v. *Vrooman*, 215 App. Div. 847; affd., 242 N. Y. 549; *Matter of Pratt*, 233 App. Div. 200; *Graham* v. *Graham*, 211 id. 580; *Matter of Auerbach*, 208 id. 163.)

There is in addition an insuperable bar to a finding that a marriage between the parties ever existed. Both the respondent and the woman to whom he was alleged to have been married testified that they never entered into any agreement of marriage with each other, or any other form of promise or contract which is the essential element in the establishment of a valid common-law marriage. The facts in *Graham* v. *Graham* (211 App. Div. 580) are in great degree similar to the situation here. There an annulment was sought by the husband upon the ground that the wife at the time of the marriage was the wife of another man still living. The former marriage was claimed to have been a common-law marriage. In the face of similar testimony by both parties to the effect that no contract had ever been made between them, the Appellate Division, Second Department, found against the validity of the alleged prior marriage and denied the annulment of the ceremonial marriage. In the opinion of Presiding Justice KELLY it is stated: " To constitute a common-law marriage there must be an agreement between the parties, a present consent, *per verba de præsenti*, to take each other as husband and wife, to enter into a relation which was to continue until death did them part, with the resulting obligations of husband and wife. This consent is of itself sufficient,

*but for it there is no substitute or equivalent.*" It was there declared in the absence of this intention and agreement the fact that they lived together, or that they employed the same name or that they were regarded as husband and wife did not supply the deficiency. Without the mutual *bona fide* intention and agreement there could be no marriage at common law or under section 10 of the Domestic Relations Law.

A somewhat similar factual situation was also presented in the decision in *Moller* v. *Sommer* (86 Misc. 110; affd., 165 App. Div. 990), where the Appellate Division of this department refused to sustain the alleged prior common-law marriage as a basis for annulment of a ceremonial marriage.

These authorities apply to the facts in the pending proceeding.

The surrogate accordingly holds that there was no impediment, by way of a prior marriage, to the marriage between the respondent and the decedent. The status as surviving husband has been established.

The further question raised in the petition as to his abandonment or refusal or neglect to support the decedent under the provisions of section 87 of the Decedent Estate Law will be tried on the 5th day of December, 1938, at two-thirty P. M.

The determination made in this decision may be embodied in the final decree to be submitted at the termination of the entire proceeding.