Charles Watt Gildersleeve, Respondent, v. Sara De Puy Gildersleeve, Appellant.— In an action brought to annul a marriage on the ground that defendant had a husband living at the time of her purported marriage to the plaintiff, interlocutory judgment of annulment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Findings of fact numbered 2, 4, 5 and 6 are reversed and the conclusions of law are disapproved. This court finds the facts requested by defendant in requests numbered 3, 6 and 8, and makes the conclusions of law that defendant was not the common-law wife of John M. Gildersleeve, and that plaintiff is not entitled to an annulment of his marriage with the defendant. There was no proof of a common-law marriage between defendant and John M. Gildersleeve, because the evidence of a mutual agreement to become husband and wife at any time was inadequate. (*Graham* v. *Graham*, 211 App. Div. 580; *Matter of Pratt*, 233 id. 200; *Matter of Merrill*, 245 id. 323.) Even if there had been such an agreement between the parties in January, 1902, as found by the trial court, it would have been absolutely void because of the abolition of the common-law form of marriage by chapter 339 of the Laws of 1901, which took effect on January 1, 1902. (*Matter of Ziegler* v. *Cassidy's Sons*, 220 N. Y. 98.) Nor did any common-law marriage come into existence subsequent to the repeal of the relevant section of the foregoing statute (Laws of 1907, chap. 742), effective January 1, 1908, for there was no evidence whatever of a mutual agreement thereafter. (*Hill* v. *Vrooman*, 215 App. Div. 847; affd.,

*sub nom. Matter of Hill* v. *Vrooman*, 242 N. Y. 549.) We hold further that even if it were assumed that a common-law marriage existed between defendant and John M. Gildersleeve prior to 1911, plaintiff should be denied relief in a court of equity. We do not credit the plaintiff's testimony that for twenty-eight years after his marriage he was unaware of the true status of defendant's previous relations with plaintiff's own brother. Equity should leave the plaintiff where it finds him. (*Graham* v. *Graham, supra; Heller* v. *Heller, ante,* p. 852 [2d Dept.], decided April 29, 1940.) Hagarty, Carswell, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result.