ANTONIO MEZZANOTTE, Plaintiff, *v.* GEORGE MAURER, Defendant.

Supreme Court, Special Term, Queens County, March 5, 1948.

*Charles Margett* and *Don Forchelli* for plaintiff.

*Baier & Chamberlin* for defendant.

FROESSEL, J. In an action by an employee, for whom workmen's compensation has been secured by his employer, against a third party to recover damages for personal injuries sustained by the employee in the course of his employment, in consequence of the alleged negligence of the third party, plaintiff moves for an order (1) striking out, as sham, defendant's denial of paragraph " Eleventh " of the amended complaint and (2) striking from the amended answer, as insufficient in law, the affirmative defense alleged in paragraphs " Second " to " Ninth " inclusive thereof.

(1) The accident in which the injuries were sustained occurred on September 26, 1946. On April 4, 1947, plaintiff brought

an action in the United States District Court for the Eastern District of New York against the present defendant, as well as against the United States of America and one Edward Gambitsky. The United States moved to dismiss the complaint on the ground that the Federal court was without jurisdiction because of improper joinder of parties and also because there was no diversity of citizenship between the plaintiff and the individual defendants. When the court indicated its intention to dismiss against the individual defendants, plaintiff moved for leave to discontinue as against them and, in that connection, prepared a stipulation discontinuing the Federal court action as against this defendant. When forwarding the stipulation, his attorney wrote the defendant's attorney: " Lest there be any misunderstanding, I would like to make it clear that this stipulation is signed without prejudice to plaintiff to commence another action against these defendants in a court of competent jurisdiction, should he be so advised." The defendant's attorney acknowledged receipt of said letter, and returned his signed stipulation. Thereafter an order was entered in the Federal court granting plaintiff leave to discontinue the action as against the individual defendants. He thereupon commenced the present action on November 10, 1947.

Paragraph " Eleventh " of the amended complaint in this action reads as follows: " That the defendant, George Maurer, was dropped from the action pending in the United States District Court for the Eastern District of New York without prejudice to the commencement of a new action against said defendant in the proper forum."

Plaintiff contends that in the light of the letter of transmittal sent with the stipulation and its subsequent execution, defendant cannot in truth deny paragraph " Eleventh "; that his denial thereof is sham and should be stricken out. That phase of the motion is granted. It is clear that the plaintiff would not have stipulated to discontinue the action in the Federal court unless the conditions stated in the letter of transmittal were acquiesced in by the defendant. Under the circumstances here presented, termination of the Federal court action as against this defendant did not amount to a voluntary discontinuance and certainly was not upon the merits. (*O'Neil* v. *Franklin Fire Ins. Co.*, 159 App. Div. 313, affd. 216 N. Y. 692; *Caruthers* v. *Bankers Trust Co.*, 215 App. Div. 694, affd. 242 N. Y. 554; *Gaines* v. *City of New York*, 215 N. Y. 533.)

Defendant is not unmindful of the force of plaintiff's contention, but argues in effect that it had to deny this allegation

because of the defense set up in its answer, which defense is also challenged on this application. The disposition made of that defense eliminates the defendant's argument in this connection.

(2) Plaintiff secondly attacks the affirmative defense contained in the amended answer as insufficient in law. This defense alleges that plaintiff's employer, Consolidated Edison Company of New York, Inc., a self-insurer, provided workmen's compensation benefits to its employees, including the plaintiff; that the " said plaintiff made claim for, received, accepted and is receiving the benefits provided by the Workmen's Compensation Act from the 27th day of September 1946 up-to-date "; that an action was commenced in the Federal court on April 4, 1947, and subsequently discontinued by stipulation; that this action was then brought more than one year after the date of the accident and that, therefore, plaintiff's cause of action has, by the provisions of section 29 of the Workmen's Compensation Law, been assigned to his employer who is the real party in interest and the sole owner of the alleged cause of action. It will be noted that nowhere is there an allegation that an *award* has been made.

In a similar situation in *Grossman* v. *Consolidated Edison Co.* (294 N. Y. 39) it was held that such a defense is insufficient. In that case, the defense pleaded that plaintiff had filed a claim for compensation and " has taken or intends to take compensation under said law, and that such compensation is and was secured to plaintiff by his general employer * * * and by this defendant." The Court of Appeals held (p. 44) : " Reading subdivisions 1 and 2 together and in the light of their clearly disclosed purpose, we reject the contention that subdivision 1 is a statutory bar against the commencement of this action and hold that the provisions of subdivision 1 were designed to implement the provisions of subdivision 2, which fix the conditions under which taking compensation shall operate as an assignment of the cause of action. *If the employee has taken compensation,* the condition made prerequisite to the assignment is failure ' to commence action against such other within the time limited therefor by subdivision one '. The statute imposes no other consequences upon such ' failure ' and we may not add to the consequences expressly imposed, a bar against bringing the action. In the instant case it is not alleged that the plaintiff has ' taken compensation ' as provided in subdivision 2 and consequently subdivision 2 is not applicable and subdivision 1 is therefore inoperative. It follows that the plaintiff is still entitled to prosecute the action. If and when plaintiff does take compensa-

tion then there will be an assignment of the cause of action and the assignee will be entitled to conduct the litigation thereafter." (Italics supplied.) (See, also, *Gillette* v. *Allen,* 264 App. Div. 599, motion for leave to appeal dismissed 289 N. Y. 754.)

Section 2 of the Workmen's Compensation Law, entitled "Definitions", provides: " 6. ' Compensation ' means the money allowance payable to an employee \* \* \* as provided for in this chapter \* \* \*."

What money allowance is payable cannot be determined until an award is made and until an award is made, an employee has not " taken compensation ". Our Appellate Division in *Grossman* v. *Consolidated Edison Co.* (268 App. Div. 875, 876) noted especially: " There is no allegation that an award for compensation was made." In *Sifkowitz* v. *International Ry. Co.* (249 N. Y. 565) it was held that even though payments may have been advanced to an injured party by an insurance carrier, they are not regarded as payments of compensation where no award of compensation had ever been made nor a hearing had before the State Industrial Commission. (See, also, *Godfrey* v. *Brooklyn Edison Co.,* 115 Misc. 21, 24, affd. on opinion below 196 App. Div. 980; *Hodges* v. *Bewley Truesdale Contr. Co.,* 231 App. Div. 495; *Moses* v. *Contower Realty Corp.,* 63 N. Y. S. 2d 889; *Employers' Liability Assurance Corporation* v. *Fisher,* 13 N. Y. S. 2d 902.)

In the instant case, there is no allegation that an award has been made or that the plaintiff has taken compensation as provided in the Workmen's Compensation Law. Defendant merely pleads that " plaintiff made claim for, received, accepted and is receiving the benefits provided " by said law, but what those benefits are is in nowise disclosed. They may consist of medical attention and may also include some advance payments, but these would not be compensation as defined in the statute.

As I read the law in the light of the decisions, an injured employee has three years within which to bring his action, but if such injured employee has taken compensation under an award, he must bring his action not later than six months following the award, and in any event before the expiration of one year from the date such action accrues. Only upon failure to do so shall an assignment operate in favor of the carrier. As hereinbefore indicated, we have no allegation of an award or the taking of " compensation " in the present case. Moreover, there is an allegation in the defense challenged that an action was previously begun by this plaintiff against this defendant in the Federal court within the one-year period. Having done so, plaintiff

has not " failed to commence action " within the time limited and the fact that there was a discontinuance under the circumstances hereinbefore disclosed does not bar the present action. As was said in *Gaines* v. *City of New York* (215 N. Y. 533, *supra*) with respect to section 405 of the Code of Civil Procedure, now section 23 of the Civil Practice Act and presently applicable to the Workmen's Compensation Law (p. 539): " The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction, stands on the same plane as any other mistake of law."

Continuing at pages 540–541, Judge CARDOZO said: " A suitor who invokes in good faith the aid of a court of justice and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum."

In the light of the foregoing, the plaintiff's motion is granted in its entirety. Submit order.