J. Irwin Shapiro, J.
Plaintiff, claiming that she is defendant’s wife, sets forth three causes of action in her complaint. The first and third deal with real property, allegedly owned of record by the parties as tenants by the entirety, and with a joint bank account. The second cause of action is to obtain a judgment of separation by reason of the defendant’s cruel and inhuman treatment of the plaintiff and his refusal to have marital relations with her.
Defendant, in his answer, denies the marriage and in a counterclaim seeks ‘ ‘ a decree annulling the alleged marriage with the plaintiff, or, in the alternative, declaring the parties hereto to be unmarried ”.
At the suggestion of the court, the parties entered into a stipulation settling their money and real estate differences. The decree to be entered herein will, therefore, provide (1) that the balance of the proceeds of the sale of the real estate shall be equally divided between the parties, and (2) that the balance (including interest) on deposit in the joint bank account of the parties shall be deemed to belong to the parties in equal proportions.
We, therefore, now come to the separation cause of action. Plaintiff alleges “ That plaintiff and defendant were married at Scranton, Pennsylvania, on the 13th day of September, 1923.” This is denied by the defendant.
On the witness stand, plaintiff admitted that no ceremonial marriage was ever entered into between her and the defendant. She testified to a commencement of the relationship between her and the defendant, their holding themselves out as husband and wife and the birth of four children as a result of the union.
Upon cross-examination, she was asked about a prior marriage to one John Mushinsky. She admitted that she had married John Mushinsky prior to her alleged marriage to the defendant, but contended that that marriage had ended in a decree of divorce obtained by her prior to the time that she commenced living with the defendant as husband and wife.
*820 The defendant offered no proof to contradict the plaintiff’s assertion that her marriage to said John Mushinsky had ended by a divorce obtained by her prior to the time that she entered into her relationship with the defendant, but in the memorandum of law submitted by him, he stated that the first time he ever heard about the alleged divorce was upon the trial and that as a result thereof, he caused a search to be made of the records in the Court of Common Pleas, Scranton, Pennsylvania, where the plaintiff indicated she had obtained her divorce, and discovered that the plaintiff had, indeed, obtained a divorce from said J ohn Mushinsky but that it was obtained on April 12, 1927, some three and one-half years after her alleged marriage to the defendant.
Upon receipt of said memorandum of law and a duly certified copy of the certificate issued out of the Court of Common Pleas, Scranton, Pennsylvania, the court sent for counsel and, after discussion, it was agreed that said certificate, dated October 20, 1959, be deemed in evidence with the same force and effect as if it had been offered and received at the trial proper and that the court could consider it in his determination.
It is obvious that a person, who has a living spouse and whose marriage is still in force and effect, is incapacitated from entering into any marriage with a third person, whether ceremonial or common-law, even if a common-law marriage would otherwise be valid. Thus, at the time the plaintiff claims she entered into a common-law marriage with defendant, on or about September 13, 1923, she was legally incapable of entering into such a marriage because her divorce decree was not obtained until about three and one-half years later. The rendition of the decree on April 12, 1927, in and of itself, proves that her first husband was then alive because a decree could not be rendered against a person who was not then alive.
The court, by reason of the fact that there are four children of this union, although all of them have now reached their majority, combed this record with more than usual care in an effort to find,, if he could, the essentials of a common-law marriage after the date of the divorce decree. The record is devoid of any such proof.
The relationship between the plaintiff and the defendant was entered into in the State of Pennsylvania and continued there for 16 years before the parties came into the State of New York. Whether there was a valid marriage between the parties depends upon the law in Pennsylvania. The court has, therefore, researched the Pennsylvania law on this subject. In Wagner v. Wagner (152 Pa, Super. Ct. 4), the plaintiff husband *821 and the defendant wife went through a ceremonial marriage in the State of New York on September 24,1935. Thereafter, they moved to the State of Pennsylvania where they continued to live together as husband and wife until August 27, 1938. The husband then left his wife and brought an action for an annulment of their marriage upon the ground that when it took place, the defendant had a husband living whom she had not then divorced. The divorce was subsequently obtained and it was contended by the wife in that action that by reason of the fact that she and the plaintiff lived together as husband and wife after she had become legally free to marry him, the continuance of that relationship constituted a common-law marriage.
In that case, the proof went much further than the plaintiff’s proof in this case for the wife there testified (p. 7): “ We discussed the fact that while we were now free to marry, it was really unnecessary to do so, since we were as much man and wife as we ever could be, and we agreed to continue to live as we had been, regarding ourselves in the future as man and wife ”. In refusing to hold that the plaintiff and defendant were legally married to each other as a result of a common-law marriage, the court said (p. 8) : “It must be remembered that the respondent [defendant] knew that they were not husband and wife [and] that their relation was meretricious * * *
The law is that a meretricious relation, once established, is presumed to continue until a change to a legal status is proved by clear and convincing evidence. Cohabitation and reputation of marriage — even following a ceremonial wedding — are of no avail to create a lawful marriage where either of the parties is legally incompetent to marry because he or she already has a lawful spouse living
In the case at bar clearly the relationship when entered into between the plaintiff and the defendant was meretricious. The plaintiff then had a husband living. She was legally incapable of marrying the defendant. There has been no proof to show that that meretricious relationship changed in any manner at all— it simply continued. Under such circumstances, a valid common-law marriage subsequent to the rendition of the divorce decree has not been established.
That was the rule of law too in this State when common-law marriages were valid. In Matter of Hill v. Vrooman (242 N. Y. 549), the plaintiff (claimant) and her putative husband “ had lived together for a period of twenty-three years in an acknowledged relation of husband and wife. They publicly declared themselves as such, she assuming his name. In the meantime claimant had a husband living; she and decedent had full *822 knowledge of all the facts and also of the fact that they were legally incompetent to enter into a contract of marriage, common law or otherwise. After the death of the husband they continued to live under the same conditions and relations without further affirmative act or declaration or any ceremonial marriage.” In a claim by the wife, as claimant, for compensation under the Workmen’s Compensation Law, the Appellate Division held that the claimant was not the widow of the deceased employee. (215 App. Div. 847.) That determination was affirmed without opinion. See, to the same effect, Graham v. Graham (211 App. Div. 580, 583).
Under the circumstances, plaintiff’s second cause of action for a separation must be and the same is hereby dismissed upon the ground that there never was any existing relationship of wife and husband between her and the defendant.
Since the plaintiff’s second cause of action for a separation is dismissed because of the absence of any marriage relationship between the parties, it is unnecessary for the court to render an affirmative decree on the defendant’s counterclaim. It is, therefore, dismissed.
The foregoing constitutes the decision of the court under section 440 of the Civil Practice Act. Findings of fact and conclusions of law are, therefore, unnecessary.
Settle judgment on notice in accordance with the foregoing.