■ In the Matter of the Claim of EVA H. DELLACA, Respondent, against T. J. HUGHES CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits, appellants contesting the board's finding of a valid common-law marriage between decedent and claimant. Claimant separated from her husband in 1926 and in 1929 began living with decedent in New York. The husband died in 1937 and shortly thereafter claimant and decedent moved to New Jersey and for about a year lived together there as husband and wife, holding themselves out as such, and being thus recognized by claimant's adult children; after which they returned to New York where they continued to live together until decedent's death in 1957. At the time the impediment to their marriage was removed, a common-law marriage status could no longer arise in New York but was then capable of recognition in New Jersey, with consequent validity here. Upon this record, we find without merit appellants' contention that there was no evidence of a new contract of marriage or of a present intent existing after the impediment to the parties' marriage had been removed. The necessary elements seem to us to have been established by the testimony of claimant and her daughters and by reasonable inference from the circumstances. "The conduct of the parties evidenced their intent to live in lawful wedlock after the impediments to their marriage were removed." (*Matter of Haffner*, 254 N. Y. 238, 243; *Gall* v. *Gall*, 114 N. Y. 109; *Leeds* v. *Joyce*, 202 App. Div. 696, affd. 235 N. Y. 620; *Matter of Biggie* v. *Northern Distr. Co.*, 11 A D 2d 591.) As indicative of their continued intent and of its existence at a much later date, their invalid marital agreement entered into in 1929 in New York some years after claimant separated from her then husband because of his cruelty and neglect and arrest for nonsupport seems entitled to be accorded some evidentiary effect, consistently with the *Haffner* case in which some such weight was given the invalid ceremonial marriage. Appellants rely largely on *Matter of Hill* v. *Vrooman* (242 N. Y. 549) but that case is plainly distinguishable from this for the very same reasons stated by the Court of Appeals in distinguishing it in *Haffner* (*supra*, p. 244). Appellants also rely upon *Collins* v. *Voorhees* (47 N. J. Eq. 555) which is similarly distinguishable. (And see *Chirelstein* v. *Chirelstein*, 12 N. J. Super. 468; *Simmons* v. *Simmons*, 35 N. J. Super. 575.) Appellants recognize that the determinative principles of law are "much the same" in New Jersey and New York and cite no New Jersey authority at variance with the *Haffner, Gall* and *Leeds* cases (*supra*). The board's findings are based upon substantial evidence and correct legal principle and, therefore, we need not consider whether, otherwise, we might invoke in New York a presumption of a marital status regular and valid under the New Jersey law. (Cf. *Matter of Myers* v. *Tuttle*, 278 App. Div. 543, 545–546, motion for leave to appeal denied 303 N. Y. 1014.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.