JOANNE JOHNSON, as Administratrix of the Estate of ULYSSES JOHNSON, Deceased, et al., Plaintiffs, and MARY SZCZERBA, as Administratrix of the Estate of NICK SZCZERBA, Deceased, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, et al., Defendants, and MICHIGAN TOOL COMPANY, Appellant. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Third-Party Plaintiff-Respondent, v. SKIDMORE, OWINGS & MERRILL, et al., Third-Party Defendants, and MICHIGAN TOOL COMPANY, Third-Party Defendant-Appellant.

First Department, December 3, 1964.

142

*John M. Aherne* of counsel (*James J. Taylor* with him on the brief; *Bigham, Englar, Jones & Houston,* attorneys), for appellant.

*Emile Z. Berman* of counsel (*Leonard Sheft* and *Paul M. Brown* with him on the brief; *Emile Z. Berman* and *A. Harold Frost,* attorneys), for respondent.

*Kramer & Dillof,* attorneys for Mary Szczerba, as administratrix, respondent.

*Per Curiam.* Appellant's claim of untimeliness grounded on CPLR 1009 is untenable. The rule provides: "Within twenty days after service of the third-party complaint, the plaintiff may amend his complaint without leave of court to assert against the third-party defendant any claim he might have asserted if the third-party defendant had been joined originally as a defendant." Appellant may not rely on said rule, for it was not entitled to be notified of or be heard on plaintiff's intention to join it as party defendant. (*Schultze* v. *Ocean Acc. & Guar. Corp.,* 239 App. Div. 309, 311.)

Former subdivision 3 of section 193-a of the Civil Practice Act enabled a plaintiff to amend his pleading in the face of a third-party claim to assert a claim against the third-party defendant. CPLR 1009 does not curtail or circumscribe plaintiff's right to so amend; on the contrary, it enables it without leave of court. It was the legislative intent to continue subdivision 3 of section 193-a substantially unchanged. (First Preliminary Report of the Advisory Committee on Practice and Procedure, p. 43; Fifth Preliminary Report of Advisory Committee on Practice and Procedure, p. 316.)

The prior practice was to apply for leave to join an additional party defendant on notice to defendants who had appeared. (*Hodges* v. *Bewley Truesdale Contr. Co.,* 231 App. Div. 495, 496.) Rule 1009 does not require notice to the proposed defendant. It does, however, establish a 20-day limitation. The predicate for the limitation is service of the third-party complaint. Implicit is the requirement of service thereof on the plaintiff whose right to serve the third-party complaint is thereby affected.

Third-party defendant has established only that it received the amended summons and complaint more than 20 days after service on it of the third-party complaint. It has not established when, if ever, the third-party complaint was served on plaintiff Szczerba and may not assume that the third-party plaintiff

effected a simultaneous service on both it and plaintiff, there being no requirement for such simultaneity in CPLR 1007. Nor is third-party defendant's failure to show the date of such service on plaintiff excused by lack of knowledge in the absence of any showing what steps were taken to ascertain this date from plaintiff or third-party plaintiff. Consequently, third-party defendant has failed to show that the amended complaint was not served within 20 days after service of the third-party complaint on plaintiff, as required by CPLR 1009.

Accordingly, the order entered June 3, 1964, denying the motion of defendant and third-party defendant Michigan Tool Company to dismiss the supplemental summons and amended complaint of plaintiff Mary Szczerba, should be affirmed, with costs to third-party plaintiff-respondent.

BREITEL, J. P., VALENTE, McNALLY, STEUER and WITMER, JJ., concur.

Order, entered June 3, 1964 unanimously affirmed, with $30 costs and disbursements to third-party plaintiff-respondent.