Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMILY E. BEEMAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE BOARD OF EDUCATION OF PENN YAN, N. Y., Appellant.

Third Department, February 28, 1921.

**Workmen's Compensation Law — hazardous employment — school teacher carrying on chemical experiments not engaged in hazardous occupation.**

A school teacher, in carrying on chemical experiments prescribed by the Education Law, is not engaged in a hazardous employment within the meaning of the Workmen's Compensation Law.

JOHN M. KELLOGG, P. J., and H. T. KELLOGG, J., dissent, with opinion.

APPEAL by the defendant, The Board of Education of Penn Yan, N. Y., from a decision and award of the State Industrial Commission, made on the 20th day of July, 1920.

*George S. Sheppard,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

I am unable to concur in the opinion of the presiding justice that a school teacher, in carrying on chemical experiments in the performance of her duties prescribed by the Education Law, is engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law. The evidence is clear that the claimant was engaged on September 19, 1919, in instructing her class in the class room of the school in Penn Yan when an explosion occurred which resulted in her injury. The learned presiding justice suggests that " by group 25 of section 2 of the Workmen's Compensation Law* the handling of explosives and dangerous chemicals and laboratories are hazardous employments," but the reading of group 25 suggests no such idea in my mind when read in connection with the general purpose of the statute, which was to provide for compensation to those injured in carrying on industries essentially hazardous, the compensation being charged against the product and distributed as a part of the overhead costs of production. The constitutional provision (Art. 1, § 19) was adopted upon the express proviso " that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer," and where there is no business upon which such a charge may be made there is no warrant for the statute, and the provisions of section 2 are all to be read in connection with this constitutional proviso. Group 25 of section 2 (as amd. by Laws of 1917, chap. 705), when thus limited, is confined to employers engaged in the business of " the manu-

---

* Amd. by Laws of 1917, chap. 705.— [REP.

facture, storing or handling of explosives and dangerous chemicals, corrosive acids or salts, gasoline, petroleum, gun powder or ammunition; laboratories; ice harvesting, ice storage and ice distribution," for pecuniary gain. (See § 3, subd. 5, as amd. by Laws of 1917, chap. 705.)

The suggestion that an "employer" under subdivision 3 of section 3 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) includes "the State and a municipal corporation or other political subdivision thereof," and that "by group 44 it is not necessary that it should be carrying on the employment for pecuniary gain," seems to me to overlook both the letter and the spirit of the act. Group 44 of section 2 (as amd. by Laws of 1917, chap. 705) refers to "employment as a keeper, guard, nurse or orderly in a prison, reformatory, insane asylum or hospital maintained or operated by the State or municipal corporation or other subdivision thereof, notwithstanding the definitions of the terms ' employment,' ' employer ' or ' employee ' in subdivision five of section three of this chapter," and by its terms excludes school teachers or other employees outside of the enumerated class. (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.) Group 43 of section 2 (as amd. by Laws of 1917, chap. 705) comes nearer to a justification for this award, under the provision that "any employment enumerated in the foregoing groups and carried on by the State or a municipal corporation or other subdivision thereof, notwithstanding the definition of the term ' employment ' in subdivision five of section three of this chapter," but school teaching is not one of the employments enumerated in the foregoing groups; the handling of chemicals was purely incidental to the principal calling. "Employment," as defined in subdivision 5 of section 3 (as amd. by Laws of 1917, chap. 705), "includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith, except where the employer and his employees have by their joint election elected to become subject to the provisions of this chapter as provided in section two." An "employee," as defined in subdivision 4 (not 5) of section 3 of the act (as amd. by Laws of 1917, chap. 705), "means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or

conducting a hazardous employment upon the premises,"
etc., and I apprehend that a school teacher is not engaged in
any of the occupations enumerated in section 2, and that a
board of education is not engaged in the " principal business "
of " carrying on or conducting a hazardous employment upon
the premises," etc.

In *Krug* v. *City of New York* (196 App. Div. 226) I have
discussed this general subject, and if right in that case the
award here cannot be sustained.

The award should be reversed and the claim dismissed.

. All concur, except JOHN M. KELLOGG, P. J., dissenting with
a memorandum in which H. T. KELLOGG, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

Claimant, who was employed by the appellant to teach
biology and also to do laboratory work in its schools, lost her
eye by an explosion while she was performing a hydrogen
demonstration in the laboratory by pouring certain acids into
a flask, because of the combination of the chemicals and the
handling of them.

It is urged that school teaching is not a dangerous employ-
ment and that the appellant is not an employer within the
meaning of the Workmen's Compensation Law. The evidence
of the claimant as to her work in the laboratory, the nature
of it and the conditions of her employment are not denied,
the principal contention being that upon the most favorable
view of the facts as she states them, and as the Commission
has found them, there is no liability.

By group 25 of section 2 of the Workmen's Compensation
Law the handling of explosives and dangerous chemicals and
laboratories are hazardous employments. The word " labora-
tories," in the connection in which it is used, evidently means
work in laboratories. The handling of explosives and danger-
ous chemicals is not necessarily confined to chemicals which in
themselves are dangerous, but must cover those which, in the
use or handling which the employee makes of them, become
dangerous or hazardous. Each of two or more chemicals may,
in themselves, be harmless, but, when used together, may
become dangerous. An employee handling such chemicals

falls within the act. If the claimant has overstated her laboratory work, the manner of doing it or the terms of the employment, that was a question of fact which should have been met by the employer. There being no denial of the evidence, the Commission had the right to give it the most favorable consideration, and its favorable construction of the evidence is a question of fact which we cannot review. We must, therefore, treat the claimant as an employee in a hazardous employment. The fact that the statutes of the State require the teacher in her grade to perform certain laboratory experiments and demonstrations, does not except her employer from liability but makes it clear that such work was a part of the employment.

The appellant employer is within subdivision 3 of section 3 of the Workmen's Compensation Law, which includes "the State and a municipal . corporation or other political subdivision thereof," and by group 44 of 'section 2 it is not necessary that it should be carrying on the employment for pecuniary gain. Under subdivision 1 of section 3 of the General Corporation Law the appellant is a " municipal corporation." The school district not only includes the village of Penn Yan, but reaches out and includes a part of the adjoining towns. The Compensation Law, by requiring the school district to insure, carries with it the power to raise the premium by taxation.

We must conclude, therefore, that the claimant was an employee, the appellant the employer and the employment hazardous. The award should, therefore, be affirmed.

H. T. KELLOGG, J., concurs.

Award reversed and claim dismissed.