THE CITY OF NEW YORK, Plaintiff, *v.* STEERS & MENKE, Domestic Corporation, and FRANK DAHLMAN, Defendants.*

Supreme Court, Trial Term, New York County, April 14, 1937.

*Paul Windels, Corporation Counsel* [*Samuel A. Bloom, Assistant Corporation Counsel,* of counsel], for the plaintiff.

*Otto A. Samuels,* for the defendant Steers & Menke.

Defendant Dahlman not answering.

* Affd., 254 App. Div. 669.

McLaughlin (Charles B.), J.   On April 20, 1935, one Frank J. Brands was injured.   He was a veterinarian assigned to the department of health, one of whose duties was to examine meat at the various places conducted at West Washington Market, New York city.   The defendant Steers & Menke conducted a meat business and the defendant Frank Dahlman was its servant, engaged in its business at the time of the accident.   It is conceded that the defendant Dahlman used a knife to cut open a calf and that while so engaged he cut the hand of Frank J. Brands.   The plaintiff alleges that the accident occurred through Dahlman's negligence and that Brands was free from contributory negligence.   This the defendant disputes.   The evidence shows quite clearly that the defendants were negligent and that Brands was free from contributory negligence.   As a matter of fact Dahlman's testimony itself leaves no doubt in the mind of the trier of the facts that these propositions have been established on the part of the plaintiff by a fair preponderance of the credible evidence in the case.

In this case the city of New York was concededly a self-insurer of its employees.   The occupation of the employee Brands would not of itself entitle him to compensation under the Workmen's Compensation Law if it is not included among any of the various classifications of employment listed in the statute.

The court is convinced that the employment of the injured party is not one that is included in the various classes of hazardous employments listed in the law.   Brands was a veterinarian attached to the health department with the title of inspector.   The functions of the health department are governmental in character.   (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 204.)   It has been held that municipal employees performing governmental functions do not come within the provisions of the Workmen's Compensation Law. (*Matter of Stoerzer* v. *City of New York*, 267 N. Y. 339; *Krug* v. *City of New York*, 196 App. Div. 226; *Matter of Beeman* v. *Board of Education*, 195 id. 357; affd., 231 N. Y. 634; *Matter of Ryan* v. *City of New York*, 228 id. 16; *Kahl* v. *City of New York*, 198 App. Div. 30.)   The argument of counsel that Brands' employment comes within the law because he was working in a meat market cannot be sustained.   His presence in the market was simply an incident in his work which could just as well have brought him to many places outside the market.   The authorities cited above seem clear upon this point and show that the employment as such is not included in the act.

However, under section 3, subdivision 1, group 19, and section 50 of the Workmen's Compensation Law, the plaintiff has brought Brands' employment within the provisions of the act.   After the

accident the claim of Brands was presented. The city of New York agreed to go to compensation. A hearing was held and the decision of the State Industrial Board was in favor of the claimant and the amount of the award was fixed at $2,734, less any payments made. Payments under this award were accepted by Brands. Under section 29 of the Workmen's Compensation Law, when the claim was made by the injured party and the award was paid and then accepted by him, the employer became the assignee of the original cause of action that the employee had against the party causing his injury.

Ordinarily such a claim is not assignable, but section 29 of the Workmen's Compensation Law provides that when an injured employee makes a claim and an award is made by the Board and paid by the employer, the original claim is assigned to the employer. The assignment concerns only the injured man and his employer. It is perfected by compliance with these conditions precedent. (*Lunn* v. *Andrews*, 152 Misc. 568; affd., 243 App. Div. 654; affd., 268 N. Y. 538.) It is clear that the plaintiff stands in the place of the injured employee and may bring the first cause of of action. It has established by a fair preponderance of the credible evidence that Brands was free from contributory negligence and that the defendant was negligent. Judgment for the plaintiff on the first cause of action on a directed verdict for $5,000 against both defendants.

In its second cause of action plaintiff sues for the moneys expended by it for medical and hospital expenses of the employee. When the city became a self-insurer and complied with section 3, subdivision 1, group 19, and also section 50 of the Workmen's Compensation Law, the employee and employer were brought within the act for all purposes. It is clear that the plaintiff is entitled to the benefit of the additional cause of action allowed by section 13, subdivision (c), of the Workmen's Compensation Law; which provides as follows: " The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter."

Judgment is directed on the second cause of action in the sum of $437.50. Thirty days' stay of execution. Sixty days to make a case.