In the Matter of the Claim of MAE H. HAYES, Respondent, against THE CITY OF NEW YORK, Self-Insured Employer, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 11, 1939.

*William C. Chanler, Corporation Counsel* [*Samuel A. Bloom* and *Paxton Blair* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

RHODES, J.  Claimant was employed by the department of public markets, weights and measures, city of New York, and her regular occupation was supervision of markets, her title being that of inspector.  She was permanently assigned to duty at the market at Park avenue, running from One Hundred and Eleventh to One Hundred and Sixteenth streets and had full supervision of sanitation and everything pertaining to the stands in the market, the class and quality of foods offered for sale, including an inspection of fruits, vegetables and fish offered for sale.  While thus employed she slipped on fruit skins, fell and was injured.

The Board has found that at the time of the injury she " was engaged in one of the hazardous occupations within the purview of the Workmen's Compensation Act enumerated under group 14, subdivision 1 of section 3 thereof embracing persons engaged in work in ' markets, fish, meat, poultry,' and also ' fish markets.' "

Appellant objects to the award on the ground that claimant was performing a governmental function and that she was not engaged in a hazardous occupation specified by the Board in its findings.

Whether or not claimant be deemed an employee exercising a governmental function, her employment does not fall within any of the classes of employment for which compensation is provided. It is true that her duties required her to be in the market, but her occupation was not that of persons engaged in work in markets, within the purview of group 14 of subdivision 1 of section 3 of the Workmen's Compensation Law. (*City of New York* v. *Steers & Menke,* 167 Misc. 566; affd., 254 App. Div. 669.) As pointed out in that case her presence in the market was simply an incident of her work. She was not an employee of the market, but in the exercise of her duties her work brought her there. (See, also, *Richardson* v. *Town of Clifton Park,* 247 App. Div. 846; *Matter of Ryan* v. *City of New York,* 228 N. Y. 16; *Beeman* v. *Board of Education,* 195 App. Div. 357.)

The respondent cites *Matter of Kelleher* v. *City of New York* (253 App. Div. 850) as presenting an almost identical situation, but that case is distinguishable from the present one by the decisive fact that the employment there in question is expressly listed as hazardous in the statute. The employer in that case, the department of sanitation, city of New York, admitted that its business was that of street cleaning, and it also appeared that its business includes removal of rubbish, ashes, garbage and snow. The occupations are enumerated as hazardous under groups 9 and 13 of subdivision 1 of section 3 of the Workmen's Compensation Law. Claimant there was an investigator relative to sanitary violations, and his employment in that case was incidental to the business of the employer. (See *Matter of Griffin* v. *Cruikshank Co.,* 253 N. Y. 303.)

Award reversed and claim dismissed, without costs.

McNamee and Crapser, JJ., concur; Bliss, J., dissents, with a memorandum, in which Hill, P. J., concurs.

Bliss, J. (dissenting). Section 2, subdivision 4, of the Workmen's Compensation Law defines an employee as a person engaged in one of the occupations enumerated in section 3 of the law. Subdivision 1 of section 3 provides that compensation shall be payable for injuries incurred by employees in work in markets (group 14) and for injuries incurred by employees in any employment enumerated in the foregoing groups (which includes work in markets) and carried on by a municipal corporation (group 17).

This claimant's duties required her constant full time attendance in one public market and included examination of permits, inspection of food, weights, scales and the market itself for obstructions outside the stands. She also collected the fees and delivered the cash to the office. Thus her work was entirely in the market and she comes literally under the statute. Also the city was engaged in the operation of a market, an employment specifically enumerated in the act.

Her presence in this market was not incidental to general employment elsewhere. The operation of this public market by the city, be it governmental or proprietary, was a hazardous employment under the law. The statute itself makes no distinction between such functions. Here both her general employment as well as that in which she was actually engaged at the time of injury came within the act.

*Kelleher* v. *City of New York* (253 App. Div. 850) is directly in point. And just as in that case the employment was specifically listed as hazardous under the act, so is it here. No appeal was attempted by the city from that unanimous affirmance of an award against it.

The award should be affirmed, with costs.

HILL, P. J., concurs.