PATRICK McCUE, Plaintiff, *v.* J. F. SHEA COMPANY, INC., and Others, Defendants.*

Supreme Court. Special Term, Queens County   July 6, 1940.

*Kuzmier, Milan & O'Rourke*, for the plaintiff.

*Everett W. Bovard*, for the defendants J. F. Shea Company, Inc., and the Henry J Kaiser Company.

*James E. Turner*, for the defendant Frank Angelilli, Jr.

FROESSEL, J.   This controversy involves the construction of section 29 of the Workmen's Compensation Law, as amended by chapter 684 of the Laws of 1937.   It arises upon three motions: (1) By defendant Angelilli for an order granting judgment on the pleadings and dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action as to him; (2) by the defendants J. F. Shea Company, Inc., and Henry J. Kaiser Company, for judgment on the pleadings striking out and dismissing the " Second, Separate and Complete Defense "

* Affd., 260 App. Div. 946.

of the defendant Angelilli in his answer to the cross-complaint of said defendants Shea and Kaiser, on the ground that it is insufficient in law; and (3) cross-motion by the plaintiff for an order dismissing the "Second, Separate and Complete Defense" in the answer of the defendant Angelilli upon the ground that it is insufficient in law.

The admitted facts, so far as pertinent here, follow. Plaintiff was employed as an iron worker by the Archer Iron Works on a construction job for the water supply system of the city of New York; Shea and Kaiser were the general contractors; Kraft & Murphy, Frank Angelilli, Jr., and said Archer Iron Works were subcontractors On September 22, 1938, plaintiff was injured, and on March 21, 1939, he commenced this third-party action against the defendants herein, except the defendant Angelilli. By order of this court, dated November 20, 1939, Angelilli was brought in as a party defendant; on November 29, 1939, he was served with the supplemental summons and complaint, and later was served with the cross-complaint of the defendants Shea and Kaiser. In his answers to the complaint and cross-complaint, Angelilli interposes a so-called "Second, Separate and Complete Defense," in which he sets forth various facts, as well as provisions of the Workmen's Compensation Law, claiming particularly that by reason of section 29 of said law, the cause of action alleged in the complaint and cross-complaint is barred, and plaintiff and the aforesaid defendants have no cause of action against him.

Subdivision 1 of said section 29 provides that if an employee entitled to compensation be injured by the negligence or wrong of another not in the same employ, he "need not elect whether to take compensation under this chapter or to pursue his remedy against such other." If he choose to do both, the third-party action "must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues," and "Notice of the commencement of such action shall be given within thirty days thereafter to the Commissioner, the employer and the insurance carrier upon a form prescribed by the Commissioner." In such case the carrier liable for compensation shall have a lien on the proceeds of any recovery for the compensation awarded and the medical expenses paid. Subdivision 2 of said section provides that if such employee fail " to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the * * * insurance carrier liable for the payment of such compensation." In such event, the employee is still entitled

to receive two-thirds of any amount recovered by the carrier above the compensation paid and designated expenses.

The defendant Angelilli contends that while the third-party action was timely brought against his codefendants, and the thirty-day notice was duly given as to them, the failure to bring him into the action until more than one year after the accident is a complete defense, entitling him to judgment on the pleadings. With this contention, I cannot agree.

Section 29 aforesaid is not a Statute of Limitations available to Angelilli as a third party; as between plaintiff and him the former's common-law remedy is unimpaired and remains unaffected, and the three-year Statute of Limitations applies. (Civ. Prac. Act, § 49, subd. 6.) As was said in *Matter of Parchefsky* v. *Kroll Bros., Inc.* (267 N. Y. 410, 415): " It is true that we must look to the statute for definition of the rights of parties; but in seeking that definition we must give effect to the spirit and the letter of the statute read in the light of past history and precedent. * * * The purpose of the statute is clear. The employer or carrier must provide the statutory compensation for accidental injury arising out of and in the course of his employment regardless of whether or not the injury was due to the employer's wrong or negligence. Against the employer the statutory remedy is exclusive. *The common-law remedy against a person not in the same employ whose wrong or negligence caused the injury remains intact. The statute was not intended to inure to the benefit of such person.*" (Italics mine.) (To the same effect, see *Lester* v. *Otis Elevator Co.*, 90 Misc. 649; affd., 169 App. Div. 613; *O'Brien* v. *Lodi*, 246 N. Y. 46, 51.)

Defendant Angelilli relies on *Lunn* v. *Andrews* (152 Misc. 568; affd., 243 App. Div. 654; affd., 268 N. Y. 538), which arose prior to the amendment in 1937 of section 29, when an injured employee was required to elect whether to take compensation or pursue his remedy at common law. Having elected in that case to take compensation, and the same having been paid to him, such election was held to be binding, and upon payment of the award, the cause of action against the third party was said to belong to the carrier. There only one third party was involved. The court said (p. 570): " The payment of the award * * * and the acceptance thereof by the plaintiff estops plaintiff from any other remedy. He cannot now change his mind and pursue his common-law remedy against a third party." In the case at bar the facts admitted do not spell out an estoppel. On the contrary, plaintiff clearly manifested his intention of pursuing his common-law remedy, and complied strictly with the statute, when he commenced his action against the original defendants. Upon learning of the possible liability

of the defendant Angelilli, the latter was impleaded by an order of this court, and properly so, for plaintiff has but a single claim for damages for the injuries which he sustained in the accident in question. " The law does not permit a double satisfaction for a single injury." (*Milks* v. *McIver*, 264 N. Y. 267, 270.)

Under the law of this State (Pers. Prop. Law, § 41), as well as at common law and under the Revised Statutes (*Pulver* v. *Harris*, 52 N. Y. 73, 75), a claim " to recover damages for a personal injury " cannot be assigned. (*General A. F. & L. Assur. Corp.* v. *Zerbe Constr. Co.*, 269 N. Y. 227, 231.) While the statute under consideration is an exception, it should be strictly construed, and " in the light of past history and precedent." (*Parchefsky* v. *Kroll Bros., Inc., supra.*) I cannot conceive it to have been the intention of the Legislature to permit an employee to sue one group of defendants as third parties upon his claim for personal injuries, and at the same time permit the compensation carrier to sue another defendant for the same damages and for the identical injuries. It would be in the nature of splitting a cause of action, the rule against which is a salutary one. (*United States F & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50; *General A. F. & L. Assur. Corp.* v. *Zerbe Constr. Co., supra.*) Moreover, it would encourage multiplicity of suits, which our law seeks to avoid. (*Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658, 660; Civ. Prac. Act, § 193.)

In my opinion, the purpose of section 29, as between the employee and his employer or compensation carrier, is to require the injured employee to commence his third-party action within the required time, and give notice thereof as therein prescribed. This plaintiff has done in the instant case. The fact that one of several defendants was brought into the action after the period prescribed for its commencement does not defeat its purpose, and may not be availed of as a defense by such defendant thereafter brought in. The statute speaks of the third party as " another " and " such other " in the singular number. Where but one such third party is involved, as in *Lunn* v. *Andrews* (*supra*) or in *City of New York* v. *Steers & Menke* (167 Misc. 566; affd., 254 App. Div. 669), in which latter case it was held that the " assignment concerns only the injured man and his employer," application of the statute is simple. Where, however, more than one third party is involved, as in the instant case, the views hereinbefore expressed apply. Such a result does not prejudice the employer or compensation carrier, for they have the thirty-day notice of commencement of action, as well as a lien upon its proceeds, and thus may fully protect themselves.

There is a further aspect to this case to which reference may be made. The compensation carrier is also the insurance carrier for the third party, the defendant Angelilli. Both carriers are represented by the same attorney. To hold that the compensation carrier is the assignee of such part of plaintiff's claim as he may have against Angelilli, whom it also insures, would in effect require it. to sue itself. Upon this conflict of interest plaintiff would be required to depend for his share of any recovery, with the possible result that the compensation carrier may decide to refrain from instituting any suit against Angelilli, so that it may avoid paying his liability.

Under the circumstances presented by the motions before me, and in the light of the foregoing views, the motion of the defendant Angelilli for judgment on the pleadings and for a dismissal of the complaint as to him is denied; the motion of the defendants Shea and Kaiser to strike out the " Second Separate and Complete Defense " in the answer to the cross-complaint is granted, with ten dollars costs; the cross-motion by the plaintiff is likewise granted, with ten dollars costs.

Settle order on notice.