In the Matter of the Claim of JAMES DOLAN, Respondent, against THE CITY OF NEW YORK, Appellant.   STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award of the State Industrial Board which held that the claimant's employment came within the coverage of the Workmen's Compensation Law and made an award of disability benefits.   Claimant was employed in the department of markets of the city of New York, as an inspector in the weights and measures division.   His work did not require that he work in public markets, although he did occasionally test weights and measures there.   He was injured on January 28, 1941, while on the World's Fair Grounds.   Decision and award reversed on the authority of *Matter of Hayes* v. *City of New York* (256 App. Div. 111; affd., 280 N. Y. 743), with costs to the appellant against the State Industrial Board.   Crapser, Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents.

In the Matter of the Claim of ISABEL S. CAMARA, Respondent, against FORSYTHE EQUIPMENT COMPANY, INC., and THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellants.   STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for death benefits in favor of the widow and three minor children of the deceased employee, Frank Camara, Jr.   Decedent was employed as a handy man in the day time and as a watchman at night and was provided with quarters on the premises of his employer, who was engaged in the business of selling and renting heavy industrial equipment.   On the morning of December 20, 1939, decedent was found dead in a concrete trench underneath an iron stairway which ascended to the quarters furnished by his employer.   Death was due to a skull fracture.   The claim was controverted by the employer and carrier principally on the ground of intoxication.   The State Industrial Board held that the presumption that the accident was not due solely to intoxication had not been overcome by substantial evidence.   This was an unwitnessed accident where decedent met his death on his employer's premises during employment hours.   The Board found that the presumption that the accident arose out of and in the course of employment prevails.   There is ample evidence to sustain the finding of the Board and the award should be affirmed.   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of CATHERINE EWASHKO, Respondent, against F. C. HUYCK & SON and THE STATE INSURANCE FUND, Appellants.   STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits in favor of an alleged dependent mother of a deceased employee.   There is evidence that the family of which decedent was a member pooled their income.   There is also evidence to support the finding that the mother was dependent in part upon the contribution of decedent.   The weight of this evidence was for the State Industrial Board.   No issue of law is presented.   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.