EDSON GILLETTE, Appellant, v. ROBERT E. ALLEN and CLARENCE R. ALLEN, Respondents.

Fourth Department, July 1, 1942.

*J. Norman Crannage*, for the appellant.

*William B. Mangin*, for the respondents.

PER CURIAM. On August 20, 1941, the plaintiff commenced this action against the defendants to recover damages for personal injuries alleged to have been sustained by him, on April 15, 1940, solely as the result of the defendants' negligence while he was in their garage as their business invitee. The defendants, by their answer, admitted that plaintiff was injured upon their premises

on April 15, 1940, but denied any negligence on their part and set forth as a defense the following:

" 4. For a further defense defendants allege that the plaintiff herein was on the 15th day of April, 1940, and prior thereto and since that time an employee in a hazardous employment as defined by the Workmen's Compensation Law of the Pepsi Cola Elmira Bottling Co., Inc., which employer had procured compensation for its employees for injuries arising out of and in the course of their employment, and that on the 3rd day of May, 1940, said plaintiff filed with the Department of Labor of the State of New York, a claim for compensation benefits because of the injuries described in said complaint, which injuries were received by said plaintiff in such employment, under the Workmen's Compensation Act against Pepsi Cola Elmira Bottling Co., Inc., and that more than one year has elapsed since the date of the commencement of this action, and that this action is barred by the limitation set forth in Section 29 of the Workmen's Compensation Law of the State of New York."

Plaintiff moved under rule 109 of the Rules of Civil Practice to strike out this defense upon the ground that it appears on the face thereof that the same is insufficient in law. The motion was denied at Special Term and the plaintiff appeals.

We think that the plaintiff's motion should have been granted. In *Hession* v. *Sari Corp.* (283 N. Y. 262) the court said: " In the language of the cases dealing with that statute [Workmen's Compensation Law], the defendant is a third party. The statute has never defined the status of such a party. ' He has nothing whatever to do with this law, except to pay the damages for which he is liable.' (*O'Brien* v. *Lodi*, 246 N. Y. 46, 50.) " While an action must be prosecuted by the real party in interest (Civ. Prac. Act, § 210; see, also, *Waite Nursery & Development Co.* v. *Just*, 266 N. Y. 496), the challenged defense fails to allege facts which, even if they be admitted by plaintiff, would establish that plaintiff is not the real party in interest.

As we read section 29 of the Workmen's Compensation Law, an employee — who is entitled to receive compensation under that law for injuries sustained through the negligence or wrong of another not in the same employ, and who fails to commence action against such other person within six months after the awarding of compensation or within one year from the date of the accrual of his cause of action against such other person — is not divested of his cause of action by reason of such failure unless he has taken compensation for such injuries. The defendants having failed to allege that plaintiff has taken compensation under the statute, their defense is insufficient in law.

The order should be reversed on the law, with ten dollars costs and disbursements, and the plaintiff's motion granted, with ten dollars costs.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.