OSCAR GROSSMAN, Respondent, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and BROOKLYN EDISON COMPANY, INC., Appellant.

Argued January 3, 1945; decided March 1, 1945.

*Arthur A. Kaye* and *John D. Monroe* for appellant. I. The decision of the Appellate Division fails to give judicial sanction to the legislative language of subdivision 1 of section 29 of the Workmen's Compensation Law which enacted a statute of limitations for third party actions, and the decision is contrary to the plain words and necessary operations of the statute. (*People* v. *Wilmerding,* 136 N. Y. 363; *O'Brien* v. *Lodi,* 246 N. Y. 46; *Matter of Kaplan* v. *Kaplan Knitting Mills,* 248 N. Y. 10; *Adams* v. *Gillig,* 199 N. Y. 314; *Allen* against *Patterson,* 7 N. Y. 476; *City of Buffalo* against *Holloway,* 7 N. Y. 493; *Nasaba* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Tudor* v. *Ebner,* 104 App. Div. 562, 182 N. Y. 562; *Hardmann* v. *Bowen,* 39 N. Y. 196; *Raleigh and Gaston Railroad Co.* v. *Reid,* 80 U. S. 269; *In re Heath,* 144 U. S. 92; *Botany Mills* v. *United States,* 278 U. S. 282; *Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101; *Gilbert* v. *Ackerman,* 159 N. Y. 118; *Callaghan* v. *Bailey,* 293 N. Y. 396; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139.) II. Subdivision 1 of section 29 is operative as a statute of limitations, independently of subdivision 2; moreover, to be effective as a factor in an assignment of the cause of action under subdivision 2, the limitation of subdivision 1 must operate as an effective bar to the commencement of an action by the employee. (*Darry* against *The People,* 10 N. Y. 120; *O'Brien* v. *Lodi,* 246 N. Y. 46; *Milks* v. *McIver,* 264 N. Y. 267; *Matter of Decker* v. *Pouvail-*

*smith Corp.*, 252 N. Y. 1; *Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.*, 243 N. Y. 75; *Wechsler* v. *Bowman*, 285 N. Y. 284; *Hulbert et al.* v. *Clark et al.*, 128 N. Y. 295; *House* v. *Carr*, 185 N. Y. 453.)

*Max J. Wolff* and *S. Paul Fishman* for respondent. The amendment of section 29, of the Workmen's Compensation Law by chapter 684 of the Laws of 1937 did not set up a new and special statute of limitations reducing from three years (Civ. Prac. Act, § 49, subd. 6) to one year the time for the commencement of an action against a negligent third party by an injured employee to whom no award of compensation has been made. (*Hession* v. *Sari Corporation*, 283 N. Y. 262; *Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410; *Lester* v. *Otis Elevator Co.*, 90 Misc. 649, 169 App. Div. 613; *Sifkowitz* v. *International Ry. Co.*, 223 App. Div. 815, 249 N. Y. 565; *Reinhart* v. *Gerosa Crane Service Co., Inc.*, 263 App. Div. 28; *Godfrey* v. *Brooklyn Edison Co.*, 115 Misc. 21, 196 App. Div. 980; *O'Brien* v. *Lodi*, 246 N. Y. 46; *Matter of Curtin* v. *City of New York*, 287 N. Y. 338; *Sharkey* v. *Thurston*, 268 N. Y. 123; *People* v. *Ryan*, 274 N. Y. 149; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Wolfson* v. *Syracuse Newspapers, Inc.*, 254 App. Div. 211, 279 N. Y. 716; *Gillette* v. *Allen*, 264 App. Div. 599.)

THACHER, J. In this case we are concerned with the sufficiency of a defense interposed by the Brooklyn Edison Company in an action for personal injuries alleged to have been caused by the negligence of the company's employees in permitting a metal pipe to fall and strike the plaintiff, who was employed by another contractor in work on a building owned by the company. The defense alleged that plaintiff was entitled to compensation for his injuries under the Workmen's Compensation Law, had filed a claim for and intended to take such compensation which was secured to him by his employer; that the action was not commenced against the Brooklyn Edison Company until February 16, 1944, more than one year after the accident occurred; that the action accrued on December 31, 1942, and was barred because not commenced within the time limited therefor by section 29 of the Workmen's Compensation Law. The Special Term denied a motion to strike out this

defense as insufficient in law. The Appellate Division held that the motion should have been granted, granted leave to appeal to this court and certified to us the question: " Was the order of Special Term properly made? "

Prior to its amendment in 1937 section 29 of the Workmen's Compensation Law required election by the employee or his dependents whether to take statutory compensation secured by his employer or to pursue the common-law remedy against a tort feasor not in the same employ. If the election was to take compensation, the award operated as an assignment of the cause of action against the third party either to the State (for the benefit of the State Insurance Fund) or to the carrier or person liable for the payment of such compensation, as a subrogee liable to pay to the injured employee two thirds of that part of any recovery in excess of the total amount of compensation awarded, plus expenses of medical care and the reasonable and necessary expenditures in effecting such recovery. If the election was to pursue the remedy against a third party tort feasor, the State Insurance Fund or other person liable to pay the compensation was required to contribute only the deficiency, if any, between the amount recovered from the third party and the compensation provided by the Workmen's Compensation Law. (L. 1935, ch. 328.)

This statutory provision for the election of remedies and the assignment by operation of the statute of the common-law cause of action was quite radically changed by the amendment of 1937 (L. 1937, ch. 684). The employee and his dependents were no longer required to elect whether to take such statutory compensation or to pursue the common-law remedy and it was provided that they might take such compensation and at any time, either prior thereto or within six months after the awarding of compensation, pursue the employee's remedy against such third party. Thus the injured employee could pursue both remedies at the same time. The benefits of subrogation extended to persons liable for the payment of compensation were preserved by other provisions which dealt with the action against a third party and with the assignment of such a cause of action by operation of the statute.

The question we must determine is whether or not these provisions found in subdivisions 1 and 2 of section 29 impose a

short Statute of Limitations upon the employee's right to bring his common-law action against a third party tort feasor. The pertinent provisions are:

" § 29. *Remedies of employees; subrogation.*

" 1.  *  *  *  If such injured employee, or in case of death, his dependents, take or intend to take compensation  *  *  * under this chapter and desire to bring action against such other [meaning a tort feasor not in the same employ], such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues.  *  *  * " (Matter in brackets inserted for clarification.)

" 2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation.  *  *  * "

If the injured employee elects to bring the action and commences it within the time limited in subdivision 1, then he may prosecute it to judgment, although he has " taken compensation ", and the State Insurance Fund or the carrier or person liable for the payment of compensation has a lien therefor on the proceeds of the recovery. If, however, the action is not commenced by the injured employee within the time limited by subdivision 1, the failure to commence it operates as an assignment of the cause of action under subdivision 2 if he has taken compensation, and in that case the assignee must pay two thirds of any recovery in excess of the total amount of compensation awarded, expenses for medical treatment, and the reasonable and necessary expenditures incurred in effecting the recovery, to the injured employee or his dependents.

Subdivisions 1 and 2 disclose the statutory plan for enforcing the remedies available to the injured employee and the equitable distribution of any recovery from the negligent third party. No intent is disclosed to impose a short Statute of Limitations upon the right to bring an action at common law, but the words of subdivision 1 — " such action must be commenced not later

than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues '' — are said to have that meaning and effect.

Reading subdivisions 1 and 2 together and in the light of their clearly disclosed purpose, we reject the contention that subdivision 1 is a statutory bar against the commencement of this action and hold that the provisions of subdivision 1 were designed to implement the provisions of subdivision 2, which fix the conditions under which taking compensation shall operate as an assignment of the cause of action. If the employee has taken compensation, the condition made prerequisite to the assignment is failure '' to commence action against such other within the time limited therefor by subdivision one ''. The statute imposes no other consequence upon such '' failure '' and we may not add to the consequences expressly imposed, a bar against bringing the action. In the instant case it is not alleged that the plaintiff has '' taken compensation '' as provided in subdivision 2 and consequently subdivision 2 is not applicable and subdivision 1 is therefore inoperative. It follows that the plaintiff is still entitled to prosecute the action. If and when plaintiff does take compensation then there will be an assignment of the cause of action and the assignee will be entitled to conduct the litigation thereafter.

If, as the defendant contends, the plaintiff were barred by subdivision 1 from commencing suit because of failure to begin it within one year from the date of the accident, we would be confronted with the anomalous situation in which, for a period of time after the expiration of the year and before the plaintiff has taken compensation, no one would be in a position to bring suit, although the statute itself contemplates an assignment of the right to sue upon the acceptance of compensation by the injured employee. No reason is suggested why the Legislature should have created such an extraordinary Statute of Limitations, nor can any purpose to do so be inferred from the language of the statute or from the subject matter with which it dealt. Only by lifting the words of subdivision 1 out of their context and functional association with subdivision 2 and imputing to them a purpose foreign to the legislative plan may it be argued that this remedial statute is a bar to this action. We are constrained to adopt the more reasonable construction, which is in

accord with the legislative purpose and the statutory plan. Accordingly we answer the question certified in the negative.

The order should be affirmed, with costs, and the question certified answered in the negative.

Lehman, Ch. J., Loughran, Lewis, Conway, Desmond and Dye, JJ., concur.

Order affirmed, etc.