Winifred Oldford, as Administratrix of the Estate of Levi B. Oldford, Deceased, Plaintiff, *v.* Moran Towing Corporation et al., Defendants.

Supreme Court, Special Term, Kings County, November 2, 1945.

*Reid, Cunningham & Freehill* for Dauntless Towing Line, Inc., defendant.

*Morris Zweibel* and *Robert X. Kuzmier* for plaintiff.

Lockwood, J. Defendant moves for leave to serve an amended answer containing an additional affirmative defense. Plaintiff opposes the motion upon the ground that the proposed defense is insufficient in law.

Plaintiff's intestate was killed under circumstances that entitled his next of kin to benefits under the Workmen's Compensation Law. Within six months after the fatal accident his administratrix commenced this action against three defendants whose negligence is alleged to have caused the wrongful death. Over sixteen months after the date of the accident the moving defendant was brought in as an additional party defendant upon motion of the plaintiff.

The additional defense that the defendant now wishes to plead is that plaintiff has failed to bring her action against this defendant, a third party, within the statutory period required by the Workmen's Compensation Law (§ 29).

Defendant contends that the sufficiency of this defense is established by *Taylor* v. *New York Central R. R. Co.* (294 N. Y. 397).

This case holds definitely that section 29 of the Workmen's Compensation Law means that after the stated time has gone by the cause of action passes to the employer or insurer.

However, this case did not involve a situation where an action was commenced within the statutory period against third parties allegedly responsible for the injury, and where an additional third party was brought into the action as a defendant after the expiration of the statutory period — which is the situation in the present case.

This very situation was before the court in *McCue* v. *Shea Co., Inc.* (175 Misc. 557). Special Term there held that section 29 of the Workmen's Compensation Law was not a Statute of Limitations available to the third party, Angelilli, who had been brought in as a defendant after the expiration of the statutory period, though the action had been commenced against other defendants within the prescribed period. The court in holding that plaintiff was not estopped stated (pp. 559–560): " On the contrary, plaintiff clearly manifested his intention of pursuing his common-law remedy, and complied strictly with the statute, when he commenced his action against the original defendants. Upon learning of the possible liability of the defendant Angelilli, the latter was impleaded by an order of this court, and properly so, for plaintiff has but a single claim for damages for the injuries which he sustained in the accident in question. ' The law does not permit a double satisfaction for a single injury.' * * * I cannot conceive it to have been the intention of the Legislature to permit an employee to sue one group of defendants as third parties upon his claim for personal injuries, and at the same time permit the compensation carrier to sue another defendant for the same damages and for the identical injuries. It would be in the nature of splitting a cause of action, the rule against which is a salutary one. * * * In my opinion the purpose of section 29, as between the employee and his employer or compensation carrier, is to require the injured employee to commence his third-party action within the required time, and give notice thereof as therein prescribed. This plaintiff has done in the instant case. The fact that one of several defendants was brought into the action after the period prescribed for its commencement does not defeat its purpose, and may not be availed of as a defense by such defendant thereafter brought in."

The Appellate Division unanimously affirmed this decision (260 App. Div. 946).

Subsequently, in *Christison* v. *Wallace* (265 App. Div. 937), defendant's affirmative defense was dismissed by Special Term on the ground that a third party could not avail himself of a defense under section 29 of the Workmen's Compensation Law.

The Appellate Division by a four-to-one decision reversed and held that the cause of action passed out of the plaintiff by operation of law upon his failure to prosecute it within the period prescribed by section 29 of the Workmen's Compensation Law.

*McCue* v. *Shea Co., Inc.* (*supra*), insofar as it held to the contrary, was overruled.

The court cited *Calagna* v. *Sheppard-Pollak, Inc.* (264 App. Div. 589). In this case the Appellate Division in the First Department held that an injured workman was barred from bringing an action after the expiration of the statutory period. The court commented upon the Appellate Division decision in the *McCue* case and stated: " In the present case service was not made on any of the third parties within the one-year period. Whether our views would be in accord with those expressed by the Second Department under the circumstances found in the *McCue* case (*supra*) need not be determined at this time."

In *Grossman* v. *Consolidated Edison Co.* (294 N. Y. 39) it was held that subdivisions 1 and 2 of section 29 of the Workmen's Compensation Law do not impose a short Statute of Limitations upon the employee's right to bring his common-law action against a third party tort-feasor.

The holding of the Appellate Division in this department in the *McCue* case (*supra*) so far as it pertains to the facts in the present case has not been overruled and is binding upon this court.

It follows that the proposed defense is insufficient in law and the motion must be denied.