WINIFRED OLDFORD, as Administratrix of the Estate of LEVI B. OLDFORD, Deceased, Respondent, v. MORAN TOWING CORPORATION et al., Defendants, and DAUNTLESS TOWING LINE, INC., Appellant.— Appeal by defendant Dauntless Towing Line, Inc., from an order denying its motion for permission to amend its answer by inserting therein an additional defense alleging that the plaintiff had failed to bring her action against the Dauntless Towing Line, Inc., within the statutory period required by section 29 of the Workmen's Compensation Law. The appellant had been brought into the action as an additional third party, which action was begun against other third parties within the statutory period. Order affirmed, with $10 costs and disbursements. (*Grossman* v. *Consolidated Edison Co.*, 268 App. Div. 875, affd. 294 N. Y. 39; *McCue* v. *Shea Co., Inc.*, 260 App. Div. 946.) The cases of *Christison* v. *Wallace* (265 App. Div. 937) and *Taylor* v. *New York Central R. .R. Co.* (294 N. Y. 397) are **not** to the contrary. They relate to actions which were not originally begun **within** the statutory period and do not concern the adding of additional third **parties** in actions previously instituted within the statutory period. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur. [186 Misc. 46.]

JOSEPH PISANE et al., Respondents, v. JAMES PISANE et al., Appellants.— In an action for the dissolution of a partnership and an accounting, order granting plaintiffs' motion for an examination before trial, and directing " the defendants' bookkeeper, Rose Pisane ", to appear for examination, modified on the law and the facts as follows: By striking out the words " the defendants' bookkeeper " from the second and third ordering paragraphs; by inserting in the second ordering paragraph, after the words " be examined before trial " the words, " as a person who is not a party to this action "; and by striking item " 4 " from the second ordering paragraph. As thus modified, the order is affirmed, without costs, the examination to proceed on five days' notice. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS GENIALE, Appellant.— Judgment of the County Court, Queens County, convicting defendant of the crime of criminally receiving stolen property, committed as a second offense, unanimously affirmed. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY MARSANICO, Appellant.— Appeal by defendant from a judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting him of a violation of section 986 of the Penal Law, and fining him $25 or five days in the city prison. Judgment unanimously affirmed. (*People* v. *Goldstein*, 295 N. Y. 61.) Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS TURCO, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of sections 244 and 483 of the Penal Law, unanimously affirmed. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.