LOUIS EISENBERG, Respondent, v. LOUIS ADLER REALTY Co., INC., et al., Defendants, and NATIONAL HOUSE CLEANING CONTRACTORS, INC., Appellant.

First Department, May 10, 1948.

*William C. Olsen* of counsel (*E. J. Roberts* with him on the brief; *Galli & Locker*, attorneys), for appellant.

*Joseph Kossar* of counsel (*Louis Rothbard*, attorney), for respondent.

SHIENTAG, J. This appeal involves a construction of subdivisions 1 and 2 of section 29 of the Workmen's Compensation Law. That section, so far as is here pertinent, provides that an injured workman may take compensation and also sue a third party causing the injury, but that the third-party action " must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues." If such action is not commenced within the time limited by subdivision 1, then under subdivision 2 " such failure shall operate as an assignment of the cause of action against such other * * * to the * * * insurance carrier liable for the payment of such compensation."

In this case the cause of action arose December 28, 1944. The action was commenced on July 19, 1945, against the defendant Louis Adler Realty Co., Inc., the owner of the premises involved

in the accident. No formal award of compensation was made until February 1, 1946. Plaintiff thereafter discovered that the entire fourth floor of the premises where he was injured was leased to the defendants Lipschutz, and that an independent contractor, defendant National House Cleaning Contractors, Inc., was responsible for cleaning and waxing the hallway where he slipped and fell to his injury. Plaintiff moved to bring in these two defendants as additional parties and that motion was granted August 26, 1946. On November 10, 1947, National House Cleaning Contractors, Inc., moved for leave to serve an amended answer pleading that plaintiff no longer owns any possible cause of action against it on the ground that such cause of action, if any, has been assigned to the insurance carrier of plaintiff's employer by operation of law.

This question has arisen at least twice in the second department and it was there held that such a defense was invalid (*McCue* v. *Shea Co., Inc.,* 175 Misc. 557, affd. 260 App. Div. 946; *Oldford* v. *Moran Towing Corp.,* 186 Misc. 46, affd. 270 App. Div. 822 [Feb. 1946]). In this department, however, the question was specifically held open in *Calagna* v. *Sheppard-Pollak, Inc.* (264 App. Div. 589).

The decisions in the second department turn on an exhibited intention, on the part of the injured workman, to sue third parties made manifest by bringing an action, within the required time, against one of several possible joint and several tort-feasors; it was held that once such an intention was shown the other third party tort-feasors could be sued and brought in as additional parties defendant, after the statutory period had elapsed.

The difficulty with this view (which has much to recommend it so far as practical conveniences are concerned) is that the statute declares the cause of action to be assigned to the insurance carrier if the action is not started in time and the Court of Appeals has so held.

In *Taylor* v. *New York Central R. R. Co.* (294 N. Y. 397) an injured Pullman Company porter sued the defendant third party more than a year after the cause of action accrued. The railroad claimed that the cause of action had by lapse of time become the property of the Pullman Company. Plaintiff replied that the Pullman Company had no intention of enforcing its claim and indeed had a contract with defendant to hold it harmless from liability for accidents to Pullman Company employees. The Court of Appeals held that where compensation had been accepted the failure to bring the action in time results in trans-

ferring the right to sue to the employer or insurer; that no exception is provided for a situation where the compensation payer has disabled itself from taking advantage of the employee's cause of action thus automatically assigned.

In *Grossman* v. *Consolidated Edison Co.* (294 N. Y. 39) an employee began an action against the third party more than a year after the accident occurred. Defendant pleaded section 29 as a bar. The court held that the section is not a short Statute of Limitations, but is available only if the plaintiff has accepted compensation, a fact which was not alleged in the answer. The court said (p. 44): '' If and when plaintiff does take compensation then there will be an assignment of the cause of action and the assignee will be entitled to conduct the litigation thereafter.'' The precise question presented by the present appeal has been settled indirectly by the decision of the Court of Appeals in *Commissioners of State Insurance Fund* v. *Farrand Optical Co.* (295 N. Y. 493, 498 [July, 1946]). In that case one Chiddo, an employee of a general contractor, was injured and accepted compensation. The injured workman, Chiddo, failed to sue the Farrand Optical Company, the owner of the building, within the statutory period. Chiddo did, however, within the time allowed, sue a subcontractor charged with being directly responsible for the accident. The insurance carrier of Chiddo's employer, claiming to be subrogated to the cause of action against the owner, brought an action to recover on Chiddo's claim. The owner pleaded Chiddo's pending action against the subcontractor for the same injuries as a bar to the carrier's suit, saying that the carrier had filed a lien against any recovery that might be had in the subcontractor's action. The Court of Appeals held as follows: '' On the allegations of the present complaint, the defendant and the subcontractors who created the unguarded hole in the roof of its building were responsible for that act as joint wrongdoers, and on that basis Chiddo had the right to sue any of them separately or all of them jointly for the whole of his damage. Hence upon the facts shown by this record, the statutory assignment to the plaintiffs of Chiddo's remedy against the defendant would not be ' a splitting of the cause of action ', as the defendant contends. * * *

'' Satisfaction of such a judgment, [in Chiddo's action] as we assume, would be a bar to the present action which the plaintiffs — as statutory assignees of Chiddo — have brought against the defendant as a wrongdoer jointly liable for the same damage. (*Livingston* v. *Bishop,* 1 Johns. 290.) But this case does not now present and may never present a situation of

that kind. In effect the three defenses assert that the mere commencement by the person wronged of suit against one joint wrongdoer releases the others. Since the law has long been settled to the contrary, the three defenses cannot be sustained. (*Russell* v. *McCall*, 141 N. Y. 437, 450–451; *Squire* v. *Ordemann*, 194 N. Y. 394, 399.) ''

The clear implication of the above decisions is that when an injured employee takes compensation he has a stated period in which to bring an action against any third parties who may be involved in the accident. To the extent that he does not act in time, his causes of action automatically are assigned by operation of law to the employer or his insurance carrier. The issue raised by the defense in this case is one of status and capacity to maintain the action. In the absence of any reassignment by the carrier to the employee (if such reassignment be possible, a point we do not pass upon), plaintiff no longer owns a cause of action against the appellant.

It is urged, however, that the situation here presented differs from that in *Commissioners of State Insurance Fund* v. *Farrand Optical Co.* (295 N. Y. 493) above referred to. Here, the injured workman sued one third party within the statutory period. No suit having been brought against other third party tort-feasors by the insurance carrier after the statutory period had expired, the injured employee sought to bring them in and join them as party defendants in his action. In *Commissioners of State Insurance Fund* v. *Farrand Optical Co.* (*supra*) the injured workman sued one third party within the statutory period and made no move to bring in any other third party. Instead, the insurance carrier after the statutory period sued that third party. We see no difference under the statute between the two situations, if the test is, as the Court of Appeals has laid down, that of ownership of the claim. Either the bringing of suit by an injured employee against one third party, within the statutory period, bars any assignment to the insurance carrier of any claim against other third parties or it does not. The Court of Appeals has held that it does not. To make the commencement of an action by the statutory assignee determinative would be to read something into the statute which is not there.

The order appealed from should be reversed, with $20 costs and disbursements of this appeal to the appellant and the motion for leave to serve an amended answer granted on payment of taxable costs to date.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements of this appeal to the appellant and the motion for leave to serve an amended answer granted on payment of taxable costs to date. Settle order on notice. [See 274 App. Div. 783.]