WALTER H. MOREY, Appellant, v. CITY OF ROCHESTER et al., Respondents.— Judgments reversed on the law and a new trial granted, with costs to the appellant to abide the event. Order granting leave to amend defendants' answers reversed and motion denied, without costs. Order denying motion to amend plaintiff's complaint affirmed, without costs. Memorandum: Upon the trial of this action, nearly six years after its commencement, an order was made allowing each defendant to amend his respective answer by alleging the following: "The defendant reiterates and realleges each and every allegation, defense and denial hereinabove set forth and further alleges that the cause of action by the plaintiff was commenced more than six months after the first award in workmen's compensation and is therefore barred under section 29 which assigns such cause of action at the end of the six months period to the compensation carrier." After proof by stipulation that (1) on "May 19, 1941 an award was made to this plaintiff in compensation court" and (2) that the summons and complaint was served upon each defendant on December 29, 1941, each defendant moved for a dismissal of the complaint on the ground that the plaintiff was not the real party in interest. The motions were granted by the trial court and judgments were entered in favor of each defendant dismissing the plaintiff's complaint. The amendment is insufficient in law as a defense because it fails to allege that plaintiff has taken compensation (Workmen's Compensation Law, § 29, subds. 1, 2; *Gillette* v. *Allen,* 264 App. Div. 599; *Grossman* v. *Consolidated Edison Co.,* 294 N. Y. 39). In any event the defendants are chargeable with laches (*Massi* v. *Alben Builders,* 270 App. Div. 482, affd. 296 N. Y. 767). The order permitting the amendment to the answers should, therefore, be reversed. The reversal of the order permitting the amendment together with the absence of proof upon the trial that plaintiff had taken compensation requires the reversal of the judgments appealed from and the granting of a new trial. The plaintiff appeals from an order denying his motion made upon the trial to increase his demand for judgment in the complaint from $7,500 to $25,000. We think that upon this motion plaintiff was chargeable with laches and that the discretion of the trial justice should not be disturbed. That order should, therefore, be affirmed. All concur, except Larkin, J., who dissents only as to the affirmance of the order denying the motion to amend plaintiff's complaint and votes for reversal of that order and granting of the motion. (The judgments dismiss plaintiff's complaint as to the respective defendants, in a negligence action. One order denies plaintiff's motion to amend by increasing the prayer for damages; the other order grants defendants leave to amend by including an affirmative defense.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

In the Matter of Charges of Unprofessional Conduct Preferred against EDWARD T. AHLSTROM, an Attorney, Respondent.— Report of Official Referee confirmed and order entered suspending respondent from practice for a period of two years and thereafter until the further order of this court. All concur. Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

In the Matter of the Petition of H. ORVILLE WARNER.— Petition dismissed. All concur. Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.