Francis E. Rivers, J.
The first separate defense contained in the answer of the defendants the Arthur A. Johnson Corporation and Thomas Crimmins Contracting Company, consisting of paragraphs fifth to eleventh, inclusive, is insufficient in law and is stricken from the said answer, and the motion of the plaintiff to strike the said affirmative defense is granted.
The said defense as pleaded is insufficient because it contains no averment that the carrier notified the claimant at least 30 days prior to the expiration of the time limited for the commencement of an action as required by an amendment of section 29 of the Workmen’s Compensation Law made effective by chapter 527 of the Laws of 1951. As was said in Matter of Wright v. Pleasant Waste Material Co. (2 A D 2d 333, 335): “ Under section 29 of the Workmen’s Compensation Law as it existed prior to September 1,1951, the failure of an employee to bring a third-party action for personal injuries within six months after an award of compensation had been made, and in any event before the expiration of one year from the date such action accrued, operated as an assignment of such cause of action to the carrier. Since September 1, 1951, when an amendment to the statute became effective (L. 1951, ch. 527), such a failure does not automatically operate as an assignment unless the carrier notified the claimant at least 30 days prior to the expiration of the time limited for the commencement -of an action.” Subdivision 2 of section 29 is clear enough. Insofar as it is applicable here, it reads as follows: “ Except as hereinafter provided, the failure of the injured employee or his dependents to commence an action pursuant to the provisions of subdivision one of this section, shall not operate as an assignment of the cause of action as provided herein, unless the insurance carrier shall have notified the claimant in writing by personal service or by registered mail at least thirty days prior to the expiration of the time limited for the commencement of an action by subdivision one, that such failure to commence such action shall operate as an assignment of whatever cause of action may exist to such insurance carrier. If the insurance carrier shall fail to give such notice, the time limited *656 for thp commencement of an action by subdivision one shall be extended until thirty days after the insurance carrier shall have notified the claimant in writing that failure to commence an action within thirty days after the mailing of such notice shall operate as an assignment of the cause of action to such carrier, and in the event the claimant fails to commence such action within thirty days after the mailing of such notice, such failure shall operate as an assignment of such cause of action to such carrier.’’
Concededly, no notification to the plaintiff was given as required by chapter .527 of the Laws of 1951. Hence there has been no assignment of the cause of action in suit under subdivision 1. of section 29. In Grossman v. Consolidated Edison Co. (294 N. Y. 39) it was clearly indicated that section 29 of the Workmen’s Compensation Law is not operative as a Statute of Limitation. That section merely provides the conditions under which an assignment of the cause of action from the injured person to the carrier becomes effective. That this point was.involved in the Grossman .case is indicated not only by the opinion itself, but by an examination of the briefs on appeal.
It is. considered that the defendant has moved to dismiss the complaint on the basis of the statute (Workmen’s Compensation Law, § 29). For the reasons herein above indicated, that motion is denied.
•Order signed.