T. Paul Kane, J.
Defendants and third-party plaintiffs move for an order directing summary judgment in their favor against plaintiff American Mutual Liability Insurance Company (hereinafter referred to as “American”) pursuant to CPLB 3212.
*941 On August 30, 1960 Vincent D’Amico was accidentally killed while allegedly in the employ of Torrington Construction Company. Shortly thereafter American, the workmen’s compensation insurance carrier for the alleged employer, made medical payments in the amount of $71.05. Subsequently, and on March 22, 1962, American gave notice to the mother of the deceased that if action was not commenced by her within 30 days all causes of action would be assigned to American pursuant to section 29 of the Workmen’s Compensation Law. On April 3, 1962, American was informed in writing on behalf of the mother of the deceased that she had elected to pursue her rights under Workmen’s Compensation Law, a determination of which was postponed from time to time until April, 1966, pending a third-party action.
On April 29 and 30, 1962, the within action was commenced against Niagara Mohawk Power Corp. and New York Telephone Company. An award was made to the mother of the deceased by Workmen’s Compensation Board on June 22, 1966 and American paid that award and is presently paying an amount of $30 per week to the mother of the deceased.
The singular contention on both of these motions for summary judgment is that American did not become the assignee of the causes of action of the representative of the deceased at the time it mailed the notice to her. The movants urge this conclusion due to the language of subdivision 2 of section 29 which reads as follows: “ 2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other ”, the insurer, by complying with certain requirements as to notice, is assigned ‘ ‘ the cause of action against such other ’’. (Emphasis supplied.)
Admittedly there had been no compensation payments actually made at the time American sent the notification. A clear distinction is suggested between ‘ ‘ medical benefits ’ ’ and ‘ ‘ compensation ”, and the court accepts that reasoning. The crux of the matter, however,- centers upon the statutory meaning of “ has taken compensation under this chapter ’ ’ as found in subdivision 2 of section 29. This court’s interpretation of that phrase is that it refers to an election to take compensation rather than the actual receipt thereof. In other words, the fact that no compensation had actually been received by the mother of the deceased would not prevent the assignment of the causes of action to American. A literal interpretation would produce a different conclusion, but that result would be violative of the intent and spirit of the law as this court sees it.
*942 The cases cited by American, although not specifically in point, demonstrate generally that the courts will not permit as unjust result by following a literal interpretation of this law. (Grossman v. Consolidated Edison Co., 294 N. Y. 39; Morey v. City of Rochester, 274 App. Div. 969.)
The cases quoted by defendant Niagara Mohawk in the unofficial reports reach an opposite result but at best are mere persuasive authority.
Juba v. General Bldrs. Supply Corp. (7 N Y 2d 48), cited by both American and Niagara Mohawk, is an example in which the Court of Appeals refused to follow a literal interpretation of section 29 that would have produced a windfall to an uninsured and insolvent employer. This court adopts the reasoning in the Juba case to the extent that the whole statute must be considered and its obvious purpose followed in a way as to avoid manifest injustice and unintended effects (Juba, supra, p. 53). The Legislature has created a remedy against third parties for the benefit of the employee and for the insurance carrier, among others. Mere fortuitous circumstances, whiclv may be beyond the control of either or both, should not be permitted to interfere with that remedy.
Based upon the above reasoning, the motions for summary judgment are denied.